IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:22-CV-2416[1] |
| | § | |
| BAYLOR COLLEGE OF MEDICINE, | § | |
|     Defendant. | § | |

## DEFENDANT'S MOTION TO DISMISS

Defendant Baylor College of Medicine ("BCM") files this Motion to Dismiss the Complaint filed by Plaintiff Jane Doe pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for the following reasons:

## I.
## INTRODUCTION

Plaintiff Jane Doe filed her lawsuit against BCM on July 20, 2022 (Doc. No. 1-A, "Complaint"), alleging she was subjected to employment discrimination and retaliation in violation of the Texas Commission on Human Rights Act ("TCHRA") and seeking a declaratory judgment requiring BCM to award her a Master of Science degree. Plaintiff makes a conclusory assertion that she was an "employee" of BCM, but fails to allege facts that permit the Court to reasonably infer that BCM employed Plaintiff. Plaintiff is a former student of BCM's Graduate School of Biomedical Sciences (*see, e.g.*, Complaint ¶ 9, 17). Therefore, Plaintiff does not plead a facially plausible claim under the TCHRA. Plaintiff also fails to plead a cognizable claim for declaratory judgment. As such, Plaintiff's Complaint fails to state a claim upon which relief can be granted and fails to show a real and justiciable controversy under the Declaratory Judgment Act. BCM moves for dismissal of Plaintiff's lawsuit pursuant to Rules 12(b)(1) and 12(b)(6).

---

[1] Consolidated with 4:22-cv-2444, which now also pends as 4:22-cv-2416.

## II.
## STANDARD OF REVIEW

Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal under Rule 12(b)(6) is warranted if the pleading fails to establish facial plausibility, if a court is unable to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged, or if the plaintiff fails "to state a claim upon which relief can be granted." *See* FED. R. CIV. P. 12(b)(6); *Iqbal*, 556 U.S. at 678. "A claim for relief is implausible on its face when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (internal quotes and cites omitted). The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A court also does "not presume true a number of categories of statements, including legal conclusions; mere 'labels'; '[t]hreadbare recitals of the elements of a cause of action'; 'conclusory statements'; and 'naked assertions devoid of further factual enhancement.'" *Morgan v. Swanson,* 659 F.3d 359, 370 (5th Cir. 2011).

"The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are 'substantively identical.'" *Econ. Enters., Inc. v. T.D. Bank  N.A.*, 2011 WL 446891, at *2 (D. Conn. Feb. 3, 2011) (Bryant, J.) (quoting *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d. Cir. 2003)). On a Rule 12(b)(1) motion to dismiss, the plaintiff has the burden of proof to show that subject matter jurisdiction exists. *Id.* (citing *Lerner*, 318 F.3d at 128).

## III.
## ARGUMENTS AND AUTHORITIES

**A.** **Plaintiff's TCHRA claims against BCM should be dismissed under Rule 12(b)(6) because BCM did not employ Plaintiff.**

Plaintiff's TCHRA claims against BCM for employment discrimination and retaliation must be dismissed because she was not an employee of BCM. Although Plaintiff uses the conclusory labels "employee" and "employer" to describe her relationship with BCM, her Complaint does not allege facts allowing the Court to reasonably infer that an employment relationship existed. To the contrary, Plaintiff's Complaint admits she was a student and seeks relief she could only obtain in her capacity as a student, including a "[j]udgment declaring that Plaintiff has completed the requirements for a Masters in Science, meeting the academic standards of Baylor College of Medicine;" and "ordering Baylor College of Medicine to confer upon Plaintiff the degree of Masters in Science." Complaint at ¶ 57 (b)-(c).

Numerous courts have held that graduate students cannot maintain Title VII claims for employment discrimination where the alleged discrimination occurred in their capacity as students.[2] *See Bakhtiari v. Lutz*, 507 F.3d 1132, 1137-38 (8th Cir. 2007) (holding former graduate student and teaching assistant could not proceed under Title VII because he made complaints about the university as a university, not as his employer); *Muthukumar v. Univ. of Tex. Dallas*, 2010 WL 5287530 (N.D. Tex. Dec. 7, 2010) (granting Rule 12(b)(6) motion to dismiss in part because graduate student teaching assistant could not bring Title VII claims concerning his role as a student); *Seaton v. Univ. of PA*, 2001 WL 1526282, at *8 (E.D. Pa. Nov. 30, 2001) (granting motion to dismiss and holding graduate student could not proceed under Title VII because complaint did not suggest student was retaliated against as employee, but as

---

[2] Because the legislature intended state law to correlate with federal law in employment discrimination cases, courts may look to analogous federal cases when applying the Texas Commission on Human Rights Act. *Alief Independent School District v. Brantley* (App. 14 Dist. 2018) 558 S.W.3d 747, *review denied.*

student); *Bucklen v. Rensselaer Polytechnic Institute*, 166 F.Supp.2d 721, 725–726 (N.D.N.Y. 2001) (granting motion to dismiss Title VII claim that did not allege discrimination in plaintiff's terms or conditions of employment but rather discrimination in his role as a student); *Pollack v. Rice Univ.*, 28 Fair Empl. Prac. Cas. 1273, 1982 WL 296 (S.D. Tex. 1982) (finding that paid research or instruction by the plaintiff was "attendant to his capacity as a graduate student" because it was a central part of the graduate program and, therefore, the plaintiff's status was that of "student" rather than "employee"); *Stilley v. Univ. of Pittsburgh*, 968 F.Supp. 252, 261 (W.D. Pa. 1996) (holding all issues pertaining to completion of plaintiff's dissertation related to plaintiff's role as student and not as employee).

Similarly, and by further example, graduate students (such as Plaintiff) are not employees for purposes of the Fair Labor Standards Act ("FLSA"). The DOL's Field Operations Handbook provides the following guidance with respect to graduate students as research assistants:

> In some cases graduate students in colleges and universities are engaged in research in the course of obtaining advanced degrees and the research is performed under the supervision of a member of the faculty in a research environment provided by the institution under a grant or contract. Normally, the graduate students involved in these programs are simultaneously performing research under the grants or contracts and fulfilling the requirements of an advanced degree. **Under such circumstances the WHD will not assert an employer-employee relationship between the students and the school**, or between the student and the grantor or contracting agency, even though the student receives a stipend for their services under the grant or contract.[3]

B. **Plaintiff fails to state a claim upon which relief can be granted under the Declaratory Judgment Act.**

Plaintiff fails to assert a cognizable claim for relief under the Texas Uniform Declaratory Judgments Act or its federal equivalent. *See* TEX. CIV. PRAC. & REM. CODE § 37.004; 28 U.S.C. § 2201(a). After removal to federal court, a Texas declaratory judgment claim is converted to a claim under the corresponding federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201–

---

[3] *Available at* https://www.dol.gov/agencies/whd/field-operations-handbook/Chapter-10.

02. *Edionwe v. Bailey*, 860 F.3d 287, 294 n.2 (5th Cir. 2017). As in Texas, the federal DJA "does not create substantive rights," but rather "enhances the remedies available" to rectify cognizable legal injuries." *Trien v. Fed. Home Loan Mortg. Corp.*, 400 F. Supp. 3d 596, 602 (W.D. Tex. 2019) (citations omitted).

The Fifth Circuit has held district courts have broad discretion in choosing whether to exercise jurisdiction over a DJA claim. *i2 Techs. US, Inc. v. Lanell*, 2002 WL 1461929, at *7 (N.D. Tex. July 2, 2002) (citing *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 29 (5th Cir.1989); *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) (the federal DJA "confer[s] on federal courts *unique and substantial discretion* in deciding whether to declare the rights of litigants") (emphasis added)). District courts engage in a three-step analysis when determining whether a declaratory judgment action should proceed. *See, e.g., 360 Security Partners, LLC, et al. v. Hammond, Defendant.*, 2022 WL 3159274, at *3 (N.D. Tex. Aug. 8, 2022) (citing *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)). First, the court asks whether it has subject-matter jurisdiction because an "'actual controversy' exists between the parties." *Id.* Second, the "court must resolve whether it has the 'authority' to grant declaratory relief in the case presented." *Id.* Third, the court examines "how to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Id.*

Plaintiff's declaratory judgment claim asserts "she has completed the work required for a masters degree in science and that she is entitled to [the] degree," and requests the Court declare Plaintiff has earned the masters in science degree and issue an injunction ordering BCM to confer that degree upon Plaintiff. Complaint at ¶ 32-33. But Plaintiff does not allege any legal right to that degree. Instead she avers she "earned" it, without providing a factual or legal basis for this entitlement. As such, Plaintiff's declaratory judgment claim fails to plead an actual

controversy regarding the legal rights and obligations of the parties. *See, e.g., 360 Security Partners, LLC,* 2022 WL 3159274, at *3 (granting motion to dismiss where complaint pled no real and justiciable controversy supporting DJA claim); *see also Chime v. PNC Bank Corp.*, 1998 WL 51285, at *8 (N.D. Tex. Jan. 21, 1998) (in wrongful termination case, court dismissed DJA claim premised on the same causes of action already pending before the court). Therefore, BCM moves to dismiss Plaintiff's request for a declaratory judgment under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Courts "take the well-pleaded factual allegations in the complaint as true, but [they] do not credit conclusory allegations or allegations that merely restate the legal elements of a claim." *See Chhim v. Uni. Of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (*citing Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002)). Because Plaintiff's Complaint fails to establish facial plausibility on any claim and the Court cannot draw a reasonable inference that BCM is liable on the theories pled for the misconduct alleged, the Court should dismiss the entirety of the Complaint for failure to state a claim upon which relief can be granted.

## IV.
## CONCLUSION AND PRAYER

For these reasons, Baylor College of Medicine respectfully requests that the Court dismiss with prejudice each of Plaintiff Jane Doe's causes of action against it, and grant it any other relief at law or equity to which it may be entitled.

Dated August 10, 2022

Of Counsel:

Urvashi Morolia
State Bar No. 24096083
umorolia@littler.com
Littler Mendelson, P.C.
1301 McKinney Street, Ste. 1900
Houston, Texas 77010
713.951.9400

Respectfully submitted,

*/s/ Katherine E. Flanagan*
Katherine E. Flanagan
State Bar No. 00788945
Federal I.D. No. 17542
kflanagan@littler.com
Littler Mendelson, P.C.
1301 McKinney Street, Ste. 1900
Houston, Texas 77010
713.951.9400

Eric L. Vinson
State Bar No. 24003115
evinson@littler.com
Littler Mendelson, P.C.
100 Congress Avenue, Ste. 1400
Austin, Texas 78701
512.982.7250

**Attorneys for Defendant**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to counsel of record by electronic notification on August 10, 2022, addressed as follows:

Jacqueline A. Armstrong
Armstrong & Associates
440 Louisiana Street, Suite 900
Houston, Texas 77002
jarmstrong@armstrongatlaw.com

**Attorneys for Plaintiff**

*/s/ Katherine E. Flanagan*
Katherine E. Flanagan

4888-7233-8476.4 / 065635-1042