# EXHIBIT E

CAUSE NO. 2021-76206

| | | |
|---|---|---|
| IN RE XXXXXXXXXXXXXXXXXX, Petitioner. | § § § § § § § § § | IN THE DISTRICT COURT OF<br><br>HARRIS COUNTY, TEXAS<br><br>157th JUDICIAL DISTRICT |

## CONFIDENTIALITY ORDER

WHEREAS, after having heard argument in this Rule 202 proceeding, Cause No. 2021-76206 ("Rule 202 Proceeding") from the Interested Parties,[1] the Court has granted the Petitioner XXXXXX XXXXXXX XXXX ("Petitioner") request for the deposition of Monica Garcia and the production of documents by Ms. Garcia, subject to the terms of this Protective Order;

WHEREAS, it is anticipated that one or more Ms. Garcia ("Garcia"), may have responsive documents and information that Baylor College of Medicine ("BCM") may regard as privileged, proprietary, confidential, and/or otherwise covered by statutory confidentiality protections, such as the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g and 34 C.F.R. Part 99; the American with Disabilities Act, 42 U.S.C. §§12112 (d)(3)(B), (4)(C), and 29 C.F.R. §1630.14(b)(1); the Family Medical Leave Act, 29 C.F.R. §825.500(g); the Genetic Information Nondiscrimination Act of 2008, 29 C.F.R. § 1635.9; and the Health Insurance Portability and Accountability Act of 1996, 45 CFR Part 160 and Subparts A and E of Part 164;

WHEREAS, it is further anticipated that deposition testimony in this matter may include references to documents and/or information that one or more Interested Parties will regard as privileged, proprietary or otherwise confidential;

---

[1] The Interested Parties include Petitioner XXXXXXXXXXXXX, Baylor College of Medicine, Dr. Richard Finnell, and Monica Garcia.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

WHEREAS, it is also anticipated that court filings and discovery papers in this matter may include references to documents and/or information that one or more Interested Parties will regard as privileged, proprietary, or otherwise confidential;

WHEREAS, the Interested Parties in this Rule 202 Proceeding desire to protect the confidentiality of any such privileged, proprietary, or otherwise confidential information, documents, or testimony furnished in the course of such actions or proceedings;

IT IS HEREBY ORDERED that, until this Confidentiality Order is amended or superseded, all Interested Parties and nonparty witnesses shall follow the procedures set forth below with respect to certain documents, information, or testimony provided or exchanged in this Rule 202 Proceeding.

A.  Scope.

1.  This Order shall govern all documents and information produced by any Interested Party or persons or entities not a party to this action, whether produced informally or pursuant to a court order and shall also include all documents or information revealed during a deposition or otherwise disclosed during the course of this Rule 202 Proceeding.

2.  Nothing in this Order precludes any Interested Party from seeking relief from the Court with regard to the production of documents or information.

3.  This Order does not alter any confidentiality obligations that any Interested Party may have at law or under another agreement, unless expressly addressed herein.

4.  Nothing in this Order shall be construed as an agreement or acknowledgment by the non-producing party that any document, testimony, or other information designated as "Confidential" or "Confidential—Attorney's Eyes Only" constitutes a trade secret or is in fact confidential.

B.  Confidential Information.

1.  The Court orders that Interested Parties are authorized to produce or file with the Court Petitioner's educational records that are protected by FERPA during this Rule 202 Proceeding and any resulting deposition(s). Educational records concerning any other student shall not be subject to production or otherwise disclosed, consistent with the requirements of 20 U.S.C. § 1232g and 34 C.F.R. Part 99. To the extent any of Petitioner's educational records also contain FERPA-protected information relating to other students, such records must be redacted to remove identifying references to other students before they are produced or filed with the Court.

2.  If ordered by the Court as a result of the Rule 202 Proceeding, Monica Garcia shall produce to BCM Bates Numbered copies of all records in her possession that are copies of records that were kept in the regular course of business at BCM or that she otherwise obtained as a result of her employment at BCM, except excluding documents solely relating to her own employment at BCM. BCM shall assert any applicable attorney-client privilege, work product protection, or other confidentiality protection[2] within twenty-one (21) days of production of documents by Ms. Garcia by production of a privilege log to Petitioner, with a copy to Ms. Garcia. Petitioner shall have twenty-one (21) days to assert any challenge to any privilege or confidentiality protection asserted by BCM, which shall be made by a motion to compel to this Court. The Parties are expected to meet and confer prior to any motion to compel in an attempt to resolve any differences. Ms. Garcia shall withhold production to Petitioner of any documents for which BCM asserts any

---

[2] Such confidentiality protecitons including, without limitation, the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g and 34 C.F.R. Part 99; the American with Disabilities Act, 42 U.S.C. §§12112 (d)(3)(B), (4)(C), and 29 C.F.R. §1630.14(b)(1); the Family Medical Leave Act, 29 C.F.R. §825.500(g); the Genetic Information Nondiscrimination Act of 2008, 29 C.F.R. § 1635.9; and the Health Insurance Portability and Accountability Act of 1996, 45 CFR Part 160 and Subparts A and E of Part 164.

3

privilege or confidentiality protection until the Court resolves any dispute between BCM and Petitioner.

3. Materials that contain proprietary, confidential, or other sensitive information may be designated as "Confidential" or as "Confidential – Attorney's Eyes Only." BCM will make such a designation only as to those documents or information that are in good faith believed to contain or constitute valuable confidential, proprietary, trade secret, or other sensitive information that can be produced without violating any applicable privilege or confidentiality protection. Materials so designated are referred to herein as "Confidential Information." Documents containing substantive information regarding allegations of discrimination or retaliation shall be rendered NOT Confidential by the redaction of personal addresses, the letters following the first initial of the last name of the complaining individual, social security numbers, identity of disability, and personal information such as dates of birth, and any other information considered confidential under Texas Rule of Civil Procedure 21c.

4. Documents shall be designated as Confidential Information by marking or stamping each page of any such document "Confidential," "Confidential—Attorney's Eyes Only," or identifying such documents by bates production numbers or other unequivocal identifier in writing to each party receiving the Confidential Information. In lieu of marking the originals of documents, any party may mark the copies of such documents that are produced or exchanged.

5. If a deposition is ordered by the Court as a result of the Rule 202 Proceeding, Petitioner's counsel shall not solicit any testimony from Ms. Garcia at her deposition that would reveal BCM's attorney-client privileged communications, including without limitation communications between Ms. Garcia and any attorney for BCM, or any information that is protected from disclosure by applicable statutory protections. Ms. Garcia shall abide by any

4

instruction from BCM's counsel during any deposition testimony provided in response to the Rule 202 Petition not to answer any question seeking attorney-client or work product privileged information, as well as any instruction not to answer a question based on any other applicable confidentiality protection precluding disclosure. Should Ms. Garcia offer any such testimony at her deposition over BCM's objection, counsel may terminate the deposition immediately, and the parties can address any dispute with the Court.

6. With respect to any additional testimony that constitutes or references Confidential Information, confidential portions of the transcript may be designated as such on the record at the time the testimony is given, and additional portions of the testimony may be designated as "Confidential" or "Confidential – Attorney's Eyes Only" within twenty (20) days after receipt of the transcript. Until the twenty-day period has expired, the entire transcript shall be treated as Confidential Information. In addition, any deposition in which documents designated as containing Confidential Information are marked as exhibits or shown to the deponent or otherwise employed shall be considered confidential and subject to the provisions of this Order.

C. Treatment of Confidential Information.

1. Except as otherwise provided in this or subsequent court orders, Confidential Information shall not be disclosed or shown to anyone other than:

    (a) The Petitioner and BCM, and the employees or agents of such Interested Parties to whom it is necessary that Confidential Information be shown for purposes of this Rule 202 Proceeding;

    (b) Counsel for Petitioner and BCM, and the employees and agents of such attorneys to whom it is necessary that Confidential Information be shown for purposes of this Rule 202 Proceeding;

5

  (c)  The Court or persons employed by the Court;

  (d)  Duly qualified court reporters and videographers participating in this Rule 202 Proceeding;

  (e)  Persons who were the authors or recipients of the documents in the ordinary course of business;

  (f)  Persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the party that produced or disclosed the Confidential Information, after notice to all parties and an opportunity has been had to object.

2.  In the event that documents or testimony are designated as "Confidential—Attorney's Eyes Only," such information shall not be disclosed or shown to anyone other than the persons described in paragraph C.1(c) and C.1(d) in the event that *in camera* inspection of such information is requested or documents are filed with the Court under seal.

3.  Confidential Information shall be used by the receiving party solely for the purpose of this Rule 202 Proceeding and any deposition that may be ordered as a result of this Rule 202 Proceeding, and only as provided in this Confidentiality Order. Confidential Information shall not be used or employed for the purpose of any other action, use or proceeding, or for any commercial, business or other purpose whatsoever. It is specifically recognized that certain information, such as medical records, which may have been provided to a producing party by a third party, and shall be marked "Confidential," shall not be utilized by the receiving party for any purpose other than the taking of any deposition that may be ordered as a result of this Rule 202 Proceeding.

4.   No person shall disclose Confidential Information to any third party except as provided by this Order without prior written notice of the specific disclosures and persons involved to the producing party. Such disclosure shall not be made before: (1) 15 days after notice to the producing party, without submission of any objections by the producing party; (2) consent by the producing party; or (3) judicial resolution of any objections to such disclosure made by the producing party, whichever is earlier. Any objections to such disclosure shall be made in writing by the producing party within 15 days after receipt of notice of an intent to disclose.

5.   Notwithstanding anything to the contrary in the foregoing paragraphs, any party may use without restriction:

   (a)   its own documents or information, including BCM's own documents containing Petitioner's FERPA-protected information; and

   (b)   documents or information developed or obtained by a receiving party independently of discovery in these or related actions or proceedings;

irrespective of whether such document or information has been designated by the producing party as Confidential Information.

6.   Each person given access to designated Confidential Information shall be advised that the information is being disclosed pursuant and subject to the terms of this Confidentiality Order and may not be disclosed other than as provided by this Order.

7.   In the event that counsel for any party determines to file with, or submit to, the Court any Confidential Information or papers containing or referencing such information, the parties and their counsel shall give written notice to the other party's counsel at least five (5) business days, excluding legal holidays, before such filing or submission so as to give the other

7

party's counsel time to seek a temporary or permanent sealing order, if desired, from the Court, unless the circumstances do not permit such notice.

8.  No Confidential Information, including but not limited to transcripts, depositions, exhibits, and pleadings, shall be filed with the Court or used in a hearing unless the party seeking to file or use the Confidential Information has provided five (5) days prior written notice to the party that produced the Confidential Information of the intent to use it, during which time the producing party may seek any appropriate protective order regarding use of the Confidential Information in the Court filing or hearing. If the parties cannot come to an agreement regarding the designation or filing of such information, the party seeking to file the Confidential Information shall do so under seal or in camera. In the event of an emergency, a party seeking to file or use Confidential Information shall not file or use any such information but shall instead tender to the Court for *in camera* inspection the Confidential Information that it seeks to file and seek a ruling permitting the use of the material. During the pendency of a motion for protection or in the event of an emergency, the parties will treat Confidential Information in dispute as subject to this Confidentiality Order until the Court enters an order determining otherwise.

9.  The inadvertent or unintentional disclosure by the supplying party of Confidential Information, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter if, within ten (10) days of discovering the inadvertent failure to designate the material as confidential, the supplying interested party identifies the material produced and amends the designation.

10. Within thirty (30) days after the Rule 202 Proceeding is finally concluded, including any appeals or petitions for review, all Confidential Information supplied by the parties and non-parties and all copies thereof shall be returned to the producing party or non-party (if the supplying party so requests within thirty (30) days of the conclusion of the actions and pays the reasonable costs of such return) or shall be certified to have been destroyed; provided, however, that each Interested Party producing records may retain a complete file of all litigation documents filed with the Court in these actions and that work product in the possession or control of counsel for any Interested Party that reflects or includes information derived from documents or testimony designated as confidential will be destroyed.

11. Any dispute concerning the application of this Confidentiality Order shall be heard by the Court upon motion by the objecting party.

Dated: _____

AGREED TO AS TO FORM:


_____         _____
Attorneys for Petitioner                 Attorneys for Baylor College of Medicine[3]

IT IS SO ORDERED this __18__ day of __February__, 2022.

_____
Tanya Garrison,
Judge, 157th Court

---

[3] Baylor College of Medicine only agrees to the form of this Protective Order in the even that the Court should grant Petitioner the relief requested. As of the date of signing this proposed Protected Order, Baylor College of Medicine continues to object to any such relief as improper under Rule 202 for all of the reasons set forth in its filings and in argument before the Court.

9