# EXHIBIT F



**Littler Mendelson, P.C.**
1301 McKinney Street
Suite 1900
Houston, TX  77010

David B. Jordan
713.652.4784 direct
713.951.9400 main
713.583.2649 fax
djordan@littler.com

December 15, 2021

**VIA E-MAIL: SCOTT@RSPLEGAL.COM, REGULAR U.S. MAIL, AND CM/RRR NO. 9314 7699 0430 0089 7907 45**

Scott Poerschke
The Poerschke Law Firm, PC
2027 Addison Rd
Houston, Texas 77030

Re:   Monica Garcia's Possession of Privileged Documents Belonging to her Former Employer, Baylor College of Medicine

Dear Mr. Poerschke:

Baylor College of Medicine ("BCM") has retained Littler Mendelson, P.C. to represent its interests with regard to the protection of its privileged, confidential, and proprietary information. It has recently come to my attention that your client Monica Garcia claims to possess documents belonging to BCM that may contain privileged, confidential, and/or proprietary information and that Ms. Garcia may have disclosed such information to third parties.

As a former employee of BCM's Human Resources, during her employment Ms. Garcia was given access to BCM's privileged, confidential, and proprietary information in order to fulfill her job responsibilities. **BCM fully intends to preserve the privileged, confidential, and/or proprietary status of all such documents and information, including the documents and information that Ms. Garcia currently possesses. To the extent Ms. Garcia is required to testify in any legal proceeding, she is not authorized to disclose any privileged information during such testimony. In addition, Ms. Garcia is not authorized to disclose BCM's attorney-client information to any third party without BCM's express written consent. To be clear, BCM has never, and does not currently, consent to any such disclosure.**

Ms. Garcia was required to return BCM's property upon the conclusion of her employment (which she apparently did not do). *See* 12.1.15 - Physical Security Policy for BCM Information Assets, Section IV.C. Furthermore, Ms. Garcia entered into a Settlement Agreement and General Release (the "Agreement") with BCM on or about July 27, 2020, and Ms. Garcia agreed to keep the existence and terms of the Agreement confidential. (Agreement ¶ 10.1.) She further agreed not to disparage BCM and not to disclose BCM's confidential personnel or human resources related information. (*Id.* ¶¶ 9.1, 11.1.)

Based on sworn allegations made by Jacqueline Armstrong, counsel to Melody Yeo, in the recent Rule 202 petition filed by Ms. Armstrong on behalf of Ms. Yeo, Ms. Garcia informed Ms. Armstrong that she had retained "a substantial number of documents that would be further probative of the [BCM] HR department's customs and practices." (Yeo Rule 202 Petition ¶ 29.) In the Rule 202 petition, Ms. Armstrong further alleges that you have advised Ms. Armstrong "that Ms. Garcia has an agreement in

Scott Poerschke
December 15, 2021
Page 2

place with BCM that requires a subpoena prior to disclosing helpful information" and that you have "also confirmed that Ms. Garcia still has documents in her possession that she described to Petitioner's counsel in their initial meeting." (*Id.* ¶¶ 28, 30.)

As Ms. Garcia's agent, your disclosure of the existence and contents of Ms. Garcia's settlement agreement with BCM to Ms. Armstrong, as well as your disclosure that Ms. Garcia continued to possess BCM's confidential personnel information and HR-related information relating to Ms. ▮, appears to have breached the confidentiality provisions of the Agreement. Any further unauthorized disclosures of BCM's confidential information by Ms. Garcia, either directly or through you, as her agent, will constitute a further breach of the Agreement.

**BCM hereby demands that Ms. Garcia return all property belonging to BCM, including without limitation any and all documents referred to by Ms. Armstrong in the Rule 202 petition, as well as any other documentation belonging to BCM that was retained by Ms. Garcia following her termination of employment with BCM.** Please be advised that if Ms. Garcia fails to return these documents to BCM and/or makes any further unauthorized disclosure of BCM's privileged, confidential, and/or proprietary information to third parties, we will consider all available remedies, including civil and criminal prosecution, injunctive relief, recovery of actual damages, punitive damages, attorneys' fees, and costs.

If you do not arrange to return all such documents in Ms. Garcia's possession to me by **Wednesday, December 22, 2021**, BCM has authorized me to proceed with bringing civil and/or criminal charges against Ms. Garcia. Please contact me to arrange for the provision of these documents.

Sincerely,

*/s/ David B. Jordan*

David B. Jordan


cc:   Darren Gibson, Littler Mendelson, P.C.
      Erin McNamara, Littler Mendelson, P.C.

4866-8335-8726.3 / 065635-1031



Littler Mendelson, P.C.
100 Congress Avenue
Suite 2000
Austin, TX 78701

Darren Gibson
512.982.7259 direct
512.982.7250 main
512.532.6501 fax
dgibson@littler.com

January 20, 2022

*Sent via E-mail*

Hessam Parzivand
The Parzivand Law Firm, PLLC
10701 Corporate Dr Ste 185
Stafford, TX 77477
HP@PARZFIRM.COM

Re:   Resolution Agreement Regarding Former Baylor College of Medicine Employee Monica Garcia

Dear Mr. Parzivand:

In accordance with our phone conversation earlier this week, this letter constitutes an offer to resolve certain matters relating to your client Monica Garcia and her former employer Baylor College of Medicine ("BCM"), as set forth more specifically below. Upon execution, this letter will constitute a binding agreement pursuant to Texas Rule of Civil Procedure, Rule 11, as it relates to the pending Rule 202 petition for pre-suit discovery filed by Melody Yeo, captioned *In re Yeo*, Cause No. 2021-76206.

As a former Employee Relations Business Partner, Ms. Garcia had access to confidential documents and information relating to BCM employees and community members, attorney-client privileged information based on communications with BCM counsel, and BCM's attorney's work product. In the Yeo Rule 202 petition, Ms. Yeo's counsel reports that Ms. Garcia retained a "substantial number" of BCM's documents relating to BCM's "HR department's customs and practices" following the separation of Ms. Garcia's employment from BCM. In addition, the Yeo Rule 202 petition states that Ms. Garcia is considering waiving the attorney-client privilege regarding matters relating to her employment at BCM.

This agreement is intended to protect BCM's confidential and privileged information from unintended disclosure by ensuring that such information is returned to BCM. In addition, this agreement is intended to ensure that BCM's attorney-client privilege and attorney work product are protected from authorized and/or unintended disclosure. According, Ms. Garcia and BCM agree as follows:

Ms. Garcia hereby agrees to return all documents in her possession obtained as a result of her former employment at BCM, including without limitation any document regarding Ms. Yeo, any documents regarding matters that involve other BCM community members, any documents relating to BCM's HR department's practices and customs, and both originals and copies of such documents. As a limited exception, this agreement does not require Ms. Garcia to return of any documents pertaining solely to her own employment at BCM (such as Ms. Garcia's employment application, personnel file, pay stubs, and personal benefits information). Ms. Garcia will also disclose which, if any, of her legal counsel were

Hessam Parzivand
January 20, 2022
Page 2

provided originals or copies of any documents she would be obligated to return to BCM pursuant to this agreement. Furthermore, by signing this letter, Ms. Garcia authorizes her former and current legal counsel to return any and all originals and copies of such documents to BCM. Ms. Garcia agrees that she will return all BCM documents subject to this agreement and provide the requested information regarding documents provided to her legal counsel by January 24, 2022.

Additionally, Ms. Garcia agrees she is not authorized to waive any applicable privileges on BCM's behalf. Ms. Garcia agrees that in the event she is deposed as a result of the ▮ Rule 202 petition or in any other legal proceeding regarding her former employment at BCM, she will not answer any questions that BCM's counsel objects to and instructs Ms. Garcia not to answer on the basis of attorney-client privilege or work product doctrine.

In exchange for a complete return of all BCM documents described above, BCM agrees to release Ms. Garcia from any claims resulting from Ms. Garcia's taking of such documents from BCM.

This agreement is not intended to modify or amend the Settlement Agreement and General Release entered into by and between Ms. Garcia and BCM on or about July 29, 2020, and the parties agree that agreement remains in full force and effect.

If this accurately reflects our agreement, please sign below and return to our office via email.

Sincerely,

*Darren G Gibson*

Darren G. Gibson
Counsel for Baylor College of Medicine


AGREED:

_____
Hessam Parzivand
Counsel for Monica Garcia


cc:     David Jordan, Littler Mendelson, P.C.
        Erin McNamara, Littler Mendelson, P.C.

4891-5988-5066.2 / 065635-1042