IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE DOE, § | | |
|    Plaintiff, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 4:22-CV-2416 | |
| § | | |
| BAYLOR COLLEGE OF MEDICINE, § | | |
|    Defendant. § | | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND

1.    Summary. Defendant Baylor College of Medicine (BCM) opposes Plaintiff Jane Doe's Motion to Remand (the Motion). First, BCM's removal was timely, as Doe filed this suit and a second lawsuit under separate cause numbers in Harris County District Court in July 2022 (the 2022 lawsuits); each was removed within 30 days of its filing;[1] and each is distinct from the presuit-deposition action Doe filed in November 2021 under Texas Rule of Civil Procedure 202, which had its own unique cause number (the 202 Petition). Doe's 202 Petition itself was not removable in any event. Second, BCM's removal was not precluded by 28 U.S.C. § 1441(b)(2)'s forum defendant exclusion, which applies only after service. Service had not yet occurred in the 2022 lawsuits at the time of their "snap" removals. Third, district courts in the Fifth Circuit that have considered the argument that snap removal is not available in a sole forum defendant case have expressly rejected it.

2.    Facts[2]

     A.    On November 19, 2021, Doe filed the Rule 202 Petition (using her given name in the caption and throughout the Petition) in Harris County District Court, Cause

---

[1] These two actions were each removed before service. The second action (4:22-cv-2444) was then consolidated before this Court, and now also pends as 4:22-cv-2416.
[2] Doe accuses BCM of witness tampering and violating the Defense of Trade Secrets Act. BCM denies both accusations, but will not address them in this Response as they are irrelevant to the Motion to Remand.

No. 2021-76206. The Rule 202 Petition requested a deposition and documents from Monica Garcia, a former BCM employee. The 202 Petition named BCM as an "interested party," and BCM opposed Doe's requested relief.

B. The trial court granted Doe's request for a deposition of Garcia and subpoena duces tecum. BCM appealed the trial court's Order to the First Court of Appeals, Houston, Texas.

C. The Parties entered an agreement to toll Doe's limitations period pending the outcome of BCM's appeal.

D. Doe chose to forgo the tolling agreement and filed suit against BCM on July 20, 2022, again using her given name in the caption and throughout the lawsuit (Cause No. 2022-43368). BCM removed this action on the same day it was filed, before BCM was served with process (the 4:22-cv-2416 action).

E. Doe then filed a second lawsuit against BCM in Harris County on July 22, 2022, this time using the Jane Doe pseudonym (Cause No. 2022-43957). That same day, BCM removed this second lawsuit to federal court, again before service (the 4:22-cv-2444 action).

F. This Court ordered the 4:22-cv-2416 action consolidated with the 4:22-cv-2444 action, and both actions now pend as 4:22-cv-2416.

G. BCM filed a motion to dismiss this lawsuit on August 10, 2022. Doe filed an amended complaint and response to Defendant's motion to dismiss on August 26, neither of which impacts the Motion.

H. Doe moved to remand this case on three grounds:

>   (1) the Fifth Circuit "expressly indicated that it would not approve removal, snap or otherwise, by a forum-defendant,"
>
>   (2) the statute's language "properly joined and served" precludes removal by a forum defendant, and
>
>   (3) because the instant case is a "continuation" of Doe's 202 Petition, BCM's failure to remove the 202 Petition precludes it from removing either of the state court 2022 lawsuits.

3.  <u>The Fifth Circuit and federal districts courts in Texas have embraced snap-removal by any defendant (forum or otherwise)</u>

Plaintiff's first argument that the Fifth Circuit disapproved of snap-removal by a forum-defendant in *Texas Brine Co., LLC v. American Arbitration Assoc., Inc.*, 955 F.3d 482 (5th Cir. 2020) has been rejected by every federal district court in the Fifth Circuit that has examined the issue since *Texas Brine*. Most recently, Judge Mazzant in the Eastern District of Texas concluded that "the Fifth Circuit's opinion in *Texas Brine* indicates a forum defendant may utilize the snap removal tool." *BKL Holdings, Inc. v. Globe Life Inc.*, 2022 WL 2119116, at *3 (E.D. Tex. June 13, 2022).

The Southern District of Texas also rejected the argument that snap removal is only available in cases in which at least one defendant is served, concluding that the "plain language of § 1441(b)(2) allows for removal of suits involving a single defendant who is a resident of the forum state and such construction is not an absurd result." *Latex Constr. Co. v. Nexus Gas Transmission, LLC*, 2020 WL 3962247, at *6 (S.D. Tex. July 13, 2020).

Courts in the Northern District of Texas have reached the same conclusion that *Texas Brine*'s plain language interpretation of the removal statute necessarily allows for snap-removal by a forum-defendant. *See Baker ex rel. Estate of Baker v. Bell Textron, Inc.*, 2020 WL

- 3 -

5513431, at *7 (N.D. Tex. Sept. 14, 2020) (Starr, J.) ("[T]his Court holds that the plain language of § 1441(b)(2) allows snap removal by a forum defendant...."); *Serafini v. Sw. Airlines Co.*, 2020 WL 5370472, at *5 (N.D. Tex. Sept. 8, 2020) (Starr, J.) ("Under the statute's plain text, a forum defendant may engage in snap removal when it is the sole defendant.").

*Texas Brine* is not a barrier to snap-removal by a forum defendant, and Doe cites no authority to support her argument otherwise.

4. <u>The plain language of the removal statute authorizes, rather than forbids, snap-removal</u>

Plaintiff argues that "[t]o give effect to the plain meaning of 'properly joined and served,' by the statute's literal meaning, plaintiffs must have accomplished that requirement with at least one defendant." Motion at 8. But this argument is inconsistent with the plain language of the statute. Bear in mind that § 1441(b)(1) authorizes diverse cases to be removed to federal court, and § 1441(b)(2) only prevents forum-defendants from removing a diverse case when key conditions are met:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441. Thus, the plain language of § 1441(b)(2) precludes a forum-defendant from removing a diverse case if, and only if, any "properly joined and served defendant[] is a citizen in which such action is brought." Rather than precluding snap-removal by a sole forum defendant, this portion of the statutory language makes clear that snap removal is permitted unless a party who is a citizen of the State in which the action is brought was both properly joined and served as a defendant.

This straightforward construction of the language of § 1441(b)(2) led Judge Atlas in *Nexus Gas* to expressly reject the very argument on which Doe relies:

> Plaintiff argues that the "snap removal" exception to the forum defendant rule does not apply in circumstances where no defendant has yet been served. Plaintiff acknowledges that § 1441(b)(2) does not expressly require service on at least one defendant prior to removal, but maintains that the language "any of the parties in interest properly joined and served" implies a requirement that at least one party have been served prior to removal.

*Nexus Gas*, 2020 WL 3962247, at *4. Citing *Delgado v. Shell Oil Co.*, 231 F.3d 165, 175 (5th Cir. 2000), Judge Atlas concluded:

> Service accordingly is not a condition precedent to removal and Plaintiff's argument to the contrary is rejected. <u>The Court holds that the plain language of § 1441(b)(2) allows defendants that have not been served with process to remove from courts of their home states suits in which they are the sole defendants.</u>

*Nexus Gas*, 2020 WL 3962247, at *5 (emphasis added).

5.  <u>Nothing about Doe's 202 action filed in November 2021 in state court precluded BCM from removing the 2022 lawsuits.</u>

Plaintiff's last argument is that BCM waived removal of the 2022 lawsuits by not removing the 202 Petition filed in November 2021 and, thus, removal of the 2022 lawsuits was untimely. This argument is unavailing for several reasons. <u>First</u>, the 202 Petition constituted notice to BCM of Plaintiff's intent to depose a former BCM employee, Monica Garcia, per the requirements of Rule 202. Texas Rule of Civil Procedure 202.3(a) required Plaintiff to serve her petition "on all persons petitioner expects to have interests adverse to petitioner's in the anticipated suit." While this court and at least one other district court have allowed a 202 presuit petition to be removed to federal court, those cases involved circumstances distinguishable from the general approach that federal courts in Texas have adopted, declining to consider Rule 202 petitions removable. *Compare Peiqing Cong v. ConocoPhillips Company*, 2016 WL 6603244, *1 (finding that the petitioners' 202 petition triggered federal maritime jurisdiction and diversity

given that the 202 petition itself attached a petition establishing the amount in controversy), and *In re Texas*, 110 F.Supp.2d 514 (E.D. Tex. 2000) (citing the federal All Writs Act among other bases to deny plaintiff's motion to remand) with *In re Enable Commerce, Inc.*, 256 F.R.D. 527 (N.D. Tex. 2009) (202 proceeding not removable since amount in controversy is typically not determinable), and *In re Johnson*, No. 3:13-CV-00231, 2013 WL 4459021, at *2 (S.D. Tex. Aug. 15, 2013) (remanding 202 action to state court noting that "[i]f, after taking the Rule 202 deposition, Johnson ends up filing a lawsuit in Texas state court, Carnival would be entitled to remove if it could prove the case involved more than $75,000").

As Doe's 202 Petition did not involve any of the circumstances involved in *Peiqing Cong* or *In re Texas* and did not state an amount in controversy, it was never removable and for that reason alone could not impact BCM's ability to timely remove the 2022 lawsuits.

<u>Second</u>, even assuming *arguendo* that Doe's 202 action was removable, BCM still was not precluded from removing the subsequently filed 2022 lawsuits. This very argument – that the non-removal of a prior state action waived the right to remove a subsequent related action with overlapping parties and claims – has been rejected by the Southern District of Texas. *See Pittman v. Mem'l Herman Healthcare*, 124 F. Supp. 2d 446 (S.D. Tex. 2000) (finding defendant's participation in a related state court action did not constitute waiver of the right to remove a new lawsuit, even though the parties and claims were the same) and *Hingst v. Providian Nat'l Bank*, 124 F. Supp 2d 449, 452 (S.D. Tex. 2000) ("Plaintiff's lawsuit against Defendant is a wholly new lawsuit. It makes no difference that Plaintiff's claims are the same, and that Defendant failed to remove the previously dismissed state court suit. A defendant's conduct in a prior lawsuit has no bearing on the removability of a later suit.").

Doe contends that because the 2022 lawsuits are, in her words, a "continuation" of the 202 Petition, removal was waived and removal of the 2022 lawsuits was untimely, but Doe fails to cite any authority supporting this "continuation" argument. As in *Hingst* and *Pittman*, the 2022 lawsuits were separately filed lawsuits, each with its own cause number, regardless of any alleged relatedness of parties or claims to the 202 Petition. Therefore, each of the 2022 lawsuits was removable and each was timely removed.

6. Conclusion

For these reasons, Baylor College of Medicine respectfully requests that the Court deny Plaintiff Jane Doe's Motion to Remand, and grant any other relief at law or equity to which BCM may be entitled.

Dated September 9, 2022

*Of Counsel:*

Erin A. McNamara
State Bar No. 24109538
Federal ID No. 3266640
emcnamara@littler.com
Littler Mendelson, P.C.
1301 McKinney Street, Ste. 1900
Houston, Texas 77010
713.951.9400

Respectfully submitted,

*/s/ Katherine E. Flanagan*
Katherine E. Flanagan
State Bar No. 00788945
Federal I.D. No. 17542
kflanagan@littler.com
Littler Mendelson, P.C.
1301 McKinney Street, Ste. 1900
Houston, Texas 77010
713.951.9400

Eric L. Vinson
State Bar No. 24003115
evinson@littler.com
Littler Mendelson, P.C.
100 Congress Avenue, Ste. 1400
Austin, Texas 78701
512.982.7250

**Attorneys for Defendant**

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to counsel of record by electronic notification on September 9, 2022, addressed as follows:

Jacqueline A. Armstrong
Armstrong & Associates
440 Louisiana Street, Suite 900
Houston, Texas 77002
jarmstrong@armstrongatlaw.com

**Attorneys for Plaintiff**

*/s/ Katherine E. Flanagan*
Katherine E. Flanagan

4886-7826-7696.4 / 065635-1042