IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:22-CV-2416[1] |
| | § | |
| BAYLOR COLLEGE OF MEDICINE, | § | |
|     Defendant. | § | |

**DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

Defendant Baylor College of Medicine ("BCM") moves to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for the following reasons:

**I.
INTRODUCTION**

Plaintiff Jane Doe, a former graduate student, filed her lawsuit against BCM on July 20, 2022 (Doc. No. 1-A, "Complaint"), alleging she was subjected to employment discrimination and retaliation in violation of the Texas Commission on Human Rights Act ("TCHRA") and seeking a declaratory judgment requiring BCM to award her a Master of Science degree. BCM moved to dismiss the Complaint on multiple grounds, including that Plaintiff failed to adequately plead coverage by the TCHRA since she was a student. In response, Plaintiff filed an Amended Complaint. The Amended Complaint alleges the same causes of action, but adds allegations about the pay Plaintiff received from BCM. However, BCM's stipend payments to Plaintiff do not cure her failure to plead a facially plausible claim under the TCHRA. Even assuming *arguendo* Plaintiff was both a student and an employee of BCM, Plaintiff's complaints arise out of her status as a student. Plaintiff's Amended Complaint also still fails to plead a cognizable

---

[1] Consolidated with 4:22-cv-2444, which now also pends as 4:22-cv-2416.

claim for declaratory judgment. As such, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and fails to show a real and justiciable controversy under the Declaratory Judgment Act. BCM moves for dismissal of Plaintiff's lawsuit pursuant to Rules 12(b)(1) and 12(b)(6).

## II.
## STANDARD OF REVIEW

Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal under Rule 12(b)(6) is warranted if the pleading fails to establish facial plausibility, if a court is unable to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged, or if the plaintiff fails "to state a claim upon which relief can be granted." *See* FED. R. CIV. P. 12(b)(6); *Iqbal*, 556 U.S. at 678. "A claim for relief is implausible on its face when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (internal quotes and cites omitted). The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A court also does "not presume true a number of categories of statements, including legal conclusions; mere 'labels'; '[t]hreadbare recitals of the elements of a cause of action'; 'conclusory statements'; and 'naked assertions devoid of further factual enhancement.'" *Morgan v. Swanson,* 659 F.3d 359, 370 (5th Cir. 2011).

"The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are 'substantively identical.'" *Econ. Enters., Inc. v. T.D. Bank  N.A.*, 2011 WL 446891, at *2 (D. Conn. Feb. 3, 2011) (Bryant, J.) (quoting *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d. Cir. 2003)). On a Rule

12(b)(1) motion to dismiss, the plaintiff has the burden of proof to show that subject matter jurisdiction exists. *Id.* (citing *Lerner*, 318 F.3d at 128).

### III.
### ARGUMENTS AND AUTHORITIES

At the outset, under Federal Rule of Civil Procedure 15(a), Plaintiff could amend her Complaint once as a matter of course the earlier of (A) 21 days after service, or (B) 21 days after service of the Rule 12(b) motion. Plaintiff met either deadline and filed the one Amended Complaint to which Rule 15 entitled her as a matter of course. There is only one 21-day period. Therefore, this subsequent Rule 12(b) motion does not trigger a new 21-day period within which Plaintiff may file another amended complaint as a matter of course. *See* FED. R. CIV. P. 15, 2009 Advisory Committee Notes ¶ 5.

A. **Plaintiff's TCHRA claims against BCM should be dismissed under Rule 12(b)(6) because BCM did not employ Plaintiff.**

Plaintiff's Amended Complaint still does not provide sufficient facts to establish she was an "employee" under the TCHRA. Plaintiff's Amended Complaint alleges she "worked" in labs and includes an image of a purported "paycheck," but neither working in the labs nor receiving pay from BCM is inconsistent with her status as a student, when her "work" was for course credit and her "pay" was the stipend she received as a graduate student. The conclusory nature of Plaintiff's allegations is demonstrated by Plaintiff's admission letter and transcript as a graduate student at BCM. In February 2016, Plaintiff accepted an offer of admission to pursue a Ph.D. at BCM in the Department of Molecular & Human Genetics. *See* Exhibit 1, Admission Letter; *see also* Am. Compl. at ¶ 5 (stating Plaintiff began working in the Tsai lab in March 2016). This offer of admission included a full tuition scholarship and an annual stipend of $30,000. *See* Exhibit 1, Admission Letter. Plaintiff's stipend is the pay reflected on the paystubs in her Amended Complaint. The amount on Plaintiff's biweekly paystub ($1,153.85) multiplied by 26

pay periods equals the annual stipend amount set forth in Plaintiff's admission letter ($30,000). Plaintiff received course credit for her "work" in the research labs. *See* Exhibit 2, Academic Transcript (receiving course credit for Research Rotations, Special Projects, and Dissertation).

Unlike those cases where the plaintiff-student was both an employee and a student, such as when the student also worked as a Teaching Assistant (*Bakhtiari v. Lutz*, 507 F.3d 1132, 1137-38 (8th Cir. 2007); *Muthukumar v. Univ. of Tex. Dallas*, 2010 WL 5287530 (N.D. Tex. Dec. 7, 2010); *Bucklen v. Rensselaer Polytechnic Institute*, 166 F.Supp.2d 721, 725–726 (N.D.N.Y. 2001)) or was employed to work under a grant for which the student applied, separate and apart from the student's academic program (*Stilley v. Univ. of Pittsburgh*, 968 F.Supp. 252, 261 (W.D. Pa. 1996)), here Plaintiff's "work" in the labs was research that was part of her academic program and for which she received course credit. *See* Exhibit 2, Academic Transcript. Thus, Plaintiff's general and conclusory allegations that she did work and received pay while she was a student do not sufficiently plead status as an employee under the TCHRA.

Second, even if Plaintiff was both an employee and a student, the conduct about which Plaintiff complains in the Amended Complaint pertains to her status as a student. Plaintiff complains she was "terminated" on April 17, 2020 (Amended Complaint at ¶¶ 8, 37), but her termination was the dismissal from her academic program. *See* Exhibit 3, January 24, 2020 Dismissal Letter ("I have . . . determined that you should be dismissed from the GSBS program without eligibility for reenrollment."); Exhibit 4, April 10, 2020 Response to Appeal of Dismissal ("I support the original decision to dismiss."). Plaintiff further describes the alleged harm from this "termination" as being "damaged in her education" (Amended Complaint at ¶ 9); and expelled from school and refused a degree, which also is the alleged retaliation about which she complains (¶¶ 10, 56). Plaintiff further seeks relief she only could obtain in her capacity as a

student, including declaratory relief "declaring that Plaintiff has completed the requirements for a Masters in Science" and an injunction requiring BCM to grant her a degree (¶¶ 11-12, 70 (b)-(c)).

In *Pollack v. Rice University,* the court considered whether Title VII should be construed to afford a cause of action to a plaintiff for "discrimination in the admission to a scholastic program which entails the performance of services for remuneration, where the services are completely incidental to the scholastic program." *Pollack v. Rice Univ.*, No. H-79-1539, 1982 WL 296, at *1 (S.D. Tex. Mar. 29, 1982). The court found that the plaintiff's performance of services as a researcher or as an instructor "was to be attendant to his capacity as a graduate student," and concluded that "the status of such a plaintiff is that of 'student' not 'employee' as this latter term is defined in Title VII." *Pollack,* 1982 WL 296, at *1. Accordingly, the court held that, "the application for readmission to the graduate program is in no sense, for purposes of Title VII, related to employment. Title VII, thus, affords no cause of action." *Id.* Similarly, here Plaintiff's lab work was incidental to her student role in the graduate program and the TCHRA affords her no cause of action based on her dismissal from that program.[2]

In *Bucklen v. Rensselaer Polytechnic Institute*, which involved claims dismissed on a 12(b)(1) motion to dismiss, a graduate student similarly alleged he was an employee because he received wages, had taxes withheld, and received benefits. 166 F. Supp. 2d 721, 725 (N.D.N.Y. 2001). The court held Title VII did not apply, explaining: "While the Court acknowledges the unique dual role of graduate students, as potentially both students and employees, it cannot extend the parameters of Title VII to encompass purely academic decisions, such as the testing

---

[2] Because the legislature intended state law to correlate with federal law in employment discrimination cases, courts may look to analogous federal cases when applying the Texas Commission on Human Rights Act. *Alief Independent School District v. Brantley* (App. 14 Dist. 2018) 558 S.W.3d 747, *review denied.*

and qualification of doctoral students, that have only a tangential effect on one's status as an employee." *Bucklen,* 166 F. Supp. 2d 721, 725.

Other courts have similarly held that "academic decisions" are not decisions to which Title VII can be applied. *See, e.g., Stilley v. University of Pittsburgh*, 968 F.Supp. 252, 261 (W.D.Pa.1996) ("[a]ll issues pertaining to the completion of plaintiff's dissertation relate to plaintiff's role as a student and not as an employee" and therefore allegations of retaliation regarding the plaintiff's dissertation were improper grounds for a Title VII claim); *Muthukumar v. Univ. of Tex. Dallas*, 2010 WL 5287530 (N.D. Tex. Dec. 7, 2010) (granting Rule 12(b)(6) motion to dismiss in part because graduate student teaching assistant could not bring Title VII claims for "purely academic decisions") (quoting *Bucklen,* 166 F. Supp. 2d 721, 725); *see also Bakhtiari v. Lutz*, 507 F.3d 1132, 1137-38 (8th Cir. 2007) (holding former graduate student and teaching assistant could not proceed under Title VII because his complaints related to his status as a student).

**B.** **Plaintiff's pattern or practice allegations should be dismissed because she failed to exhaust her administrative remedies.**

Plaintiff's new allegations about an alleged "pattern" in how Defendant addresses HR complaints (Amended Complaint at ¶ 33), and any related claims based on an alleged pattern or practice, must be dismissed because Plaintiff failed to exhaust her administrative remedies on any such allegation or claim. There is no allegation in her Charge of any pattern or practice. *See* Doc. No. 9 at Exhibit B; *see, e.g., Richardson v. Porter Hedges, LLC,* 22 F.Supp.3d 661, 666-67 (S.D. Tex. 2014) (dismissing the plaintiff's "pattern and practice" race and age discrimination claim because the plaintiff did not allege a pattern and practice claim in the administrative charge); *Thomas v. Stafflink, Inc*., Civil Action No. 4:17-CV-3902, 2020 WL 4480871 (S.D. Tex. Jul. 8, 2020) (dismissing the plaintiff's pattern and practice race discrimination claim because

such a claim was not alleged in the charge, and therefore, the plaintiff failed to exhaust administrative remedies with respect to the claim).

### C. Plaintiff fails to state a claim upon which relief can be granted under the Declaratory Judgment Act.

As in her initial Complaint, Plaintiff's Amended Complaint fails to assert a cognizable claim for relief under the Texas Uniform Declaratory Judgments Act or its federal equivalent.[3] *See* TEX. CIV. PRAC. & REM. CODE § 37.004; 28 U.S.C. § 2201(a). After removal to federal court, a Texas declaratory judgment claim is converted to a claim under the corresponding federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201–02. *Edionwe v. Bailey*, 860 F.3d 287, 294 n.2 (5th Cir. 2017). As in Texas, the federal DJA "does not create substantive rights," but rather "enhances the remedies available" to rectify cognizable legal injuries." *Trien v. Fed. Home Loan Mortg. Corp.*, 400 F. Supp. 3d 596, 602 (W.D. Tex. 2019) (citations omitted).

The Fifth Circuit has held district courts have broad discretion in choosing whether to exercise jurisdiction over a DJA claim. *i2 Techs. US, Inc. v. Lanell*, 2002 WL 1461929, at *7 (N.D. Tex. July 2, 2002) (citing *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 29 (5th Cir.1989); *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) (the federal DJA "confer[s] on federal courts *unique and substantial discretion* in deciding whether to declare the rights of litigants") (emphasis added)). District courts engage in a three-step analysis when determining whether a declaratory judgment action should proceed. *See, e.g., 360 Security Partners, LLC, et al. v. Hammond, Defendant.*, 2022 WL 3159274, at *3 (N.D. Tex. Aug. 8, 2022) (citing *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)). First, the court asks whether it has subject-matter jurisdiction because an "'actual controversy' exists between the parties." *Id.* Second, the "court must resolve whether it has the 'authority' to grant declaratory relief in the case

---

[3] It does not appear that Plaintiff's Amended Complaint makes significant alterations to her declaratory judgment claim. Accordingly, this section is substantively the same as Defendant's prior Motion to Dismiss (Doc. No. 8).

presented." *Id.* Third, the court examines "how to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Id.*

Plaintiff's declaratory judgment claim asserts "she has completed the work required for a masters degree in science and that she is entitled to [the] degree," and requests the Court declare Plaintiff has earned the masters in science degree and issue an injunction ordering BCM to confer that degree upon Plaintiff. Am. Compl. at ¶¶ 40-42. But Plaintiff does not allege any legal right to that degree. Instead she avers she "earned" it, without providing a factual or legal basis for this entitlement. As such, Plaintiff's declaratory judgment claim fails to plead an actual controversy regarding the legal rights and obligations of the parties. *See, e.g., 360 Security Partners, LLC,* 2022 WL 3159274, at *3 (granting motion to dismiss where complaint pled no real and justiciable controversy supporting DJA claim); *see also Chime v. PNC Bank Corp.*, 1998 WL 51285, at *8 (N.D. Tex. Jan. 21, 1998) (in wrongful termination case, court dismissed DJA claim premised on the same causes of action already pending before the court). Therefore, BCM moves to dismiss Plaintiff's request for a declaratory judgment under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Courts "take the well-pleaded factual allegations in the complaint as true, but [they] do not credit conclusory allegations or allegations that merely restate the legal elements of a claim." *See Chhim v. Uni. Of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (*citing Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002)). Because Plaintiff's Complaint fails to establish facial plausibility on any claim and the Court cannot draw a reasonable inference that BCM is liable on the theories pled for the misconduct alleged, the Court should dismiss the entirety of the Complaint for failure to state a claim upon which relief can be granted.

## IV.
## CONCLUSION AND PRAYER

For these reasons, Baylor College of Medicine respectfully requests that the Court dismiss with prejudice each of Plaintiff Jane Doe's causes of action against it, and grant any other relief at law or equity to which BCM may be entitled.

Dated September 9, 2022

Of Counsel:

Erin A. McNamara
State Bar No. 24109538
Federal ID No. 3266640
emcnamara@littler.com
Littler Mendelson, P.C.
1301 McKinney Street, Ste. 1900
Houston, Texas 77010
713.951.9400

Respectfully submitted,

/s/ *Katherine E. Flanagan*
Katherine E. Flanagan
State Bar No. 00788945
Federal I.D. No. 17542
kflanagan@littler.com
Littler Mendelson, P.C.
1301 McKinney Street, Ste. 1900
Houston, Texas 77010
713.951.9400

Eric L. Vinson
State Bar No. 24003115
evinson@littler.com
Littler Mendelson, P.C.
100 Congress Avenue, Ste. 1400
Austin, Texas 78701
512.982.7250

**Attorneys for Defendant**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to counsel of record by electronic notification on September 9, 2022, addressed as follows:

Jacqueline A. Armstrong
Armstrong & Associates
440 Louisiana Street, Suite 900
Houston, Texas 77002
jarmstrong@armstrongatlaw.com

**Attorneys for Plaintiff**

*/s/ Katherine E. Flanagan*
Katherine E. Flanagan

4853-5379-1026.3 / 065635-1042