UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**

September 21, 2022

Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Jane Doe, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-22-2416 |
| | § | |
| Baylor College of Medicine, | § | |
| | § | |
| Defendant. | § | |

## Memorandum and Order on Motion to Remand

Pending before the Court is Plaintiff Jane Doe's Motion to Remand. For the reasons below, the motion is denied.

I.    *Snap Removal by a Forum Defendant*

Generally, under 28 U.S.C. § 1441(a), a defendant may remove a civil case brought in state court to the federal district court in which the case could have been brought. In diversity cases, the forum-defendant rule is an additional limitation on removal, and says that: "[a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[1]

The permissibility of snap removal, a technique to remove a suit to federal court based on diversity but before any forum defendant is served, was considered by this Circuit for the first time in *Texas Brine*.[2] That case involved a

---

[1] 28 U.S.C. § 1441(b)(2).

[2] *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482 (5th Cir. 2020).

suit brought in Louisiana state court by a Texas plaintiff against a New York defendant and two Louisiana defendants.[3] Before the Louisiana defendants had been served, the New York defendant removed to federal court despite lack of complete diversity, citing the snap removal exception. The Eastern District of Louisiana denied the plaintiff's motion to remand.[4]

In affirming the district court's denial of remand, this Circuit, looking to the plain language of the removal statute, agreed with the Second and Third Circuits in holding that the text of Section 1441(b)(2) is inapplicable until a forum defendant has been properly served.[5] The court in *Texas Brine* further determined that the plain language is not overcome by absurd results, since a reasonable person could intend the results of the plain language, including construing it as an attempt to "provide a bright-line rule keyed on service."[6]

The plaintiff argues that while *Texas Brine* approved application of snap removal, that case involved removal by a non-forum defendant, whereas Baylor College of Medicine is a forum-defendant. It is true that *Texas Brine* did not hold, and this Circuit has not since held, that snap removal can be used by forum defendants. In fact, the court in *Texas Brine* opined: "Of some importance, the removing party is not a forum defendant."[7] Yet while we are sympathetic to the plaintiff's proffered construction of Section 1441(b)(2), and her wise articulation of practical policy considerations, we are bound by this Circuit's reasoning for permitting removal by non-forum defendants, which appears to apply with equal force to forum defendants.

While *Texas Brine* involved removal by a non-forum defendant in a case

---

[3] *Id.* at 484.

[4] *Id.* at 485.

[5] *Id.* at 486–87 (citing *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019), *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018).

[6] *Id.* (citing *Gibbons*, 919 F.3d at 706).

[7] *Id.* at 487.

that also included forum defendants, this Circuit has relied on Second and Third Circuit cases which unequivocally held that forum defendants themselves could utilize snap removal.[8] In *Gibbons*, the Second Circuit rejected remand to Delaware state court despite both defendants being citizens of Delaware.[9] Similarly, in *Encompass*, the Third Circuit rejected remand to Pennsylvania state court despite the defendant being a citizen of Pennsylvania.[10] The foundation articulated by the Second and Third Circuits, and adopted by this Circuit, is that the plain text of Section 1441(b)(2) is "inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action."[11]

There is little indication that this blanket language does not also cover forum defendants, particularly in light of this Circuit's endorsement of other circuits' rationales. This "plain text," found to not be absurd, makes no exception for forum defendants. In light of *Texas Brine*, district courts within this Circuit have consistently interpreted the plain language of Section 1441(b)(2) to allow snap removal by a forum defendant.[12] For the reasons articulated, we hold that the removal statute permits snap removal by a forum defendant.

---

[8] *See generally id.* (relying on Second and Third Circuit articulations of why snap removal is permissible, including by forum defendants).

[9] *Gibbons*, 919 F.3d 699.

[10] *Encompass*, 902 F.3d 147.

[11] *See Texas Brine*, 955 F.3d at 486 (citing *Gibbons*, 919 F.3d at 705).

[12] *See, e.g., Serafini v. Sw. Airlines Co.*, 485 F. Supp. 3d 697 (N.D. Tex. 2020); *Latex Constr. Co. v. Nexus Gas Transmission, LLC*, 2020 WL 3962247 (S.D. Tex. July 13, 2020); *Mirman Grp., LLC v. Michaels Stores Procurement Co., Inc.*, 2020 WL 5645217 (N.D. Tex. Sept. 22, 2020); *Armstrong v. Sw. Airlines Co.*, 2021 WL 4219706 (N.D. Tex. Sept. 15, 2021).

2.    *Untimely Removal*

As for the plaintiff's other argument on why remand is proper, she argues that this suit is a "continuation of" the Rule 202 proceeding filed on November 19, 2021;[13] the plaintiff says that since BCM did not remove by December 19, 2021, the time has passed and removal is now untimely.

For her argument to survive, we must find that a Rule 202 proceeding is a "civil action" for federal removal purposes. The parties dispute this issue, and courts in this Circuit have not spoken with one voice.[14] This Court does not need to resolve this issue, because even assuming Rule 202 petitions are removable, the deafening lack of support for the plaintiff's novel "continuation" theory belies her argument.

The plaintiff's "continuation" theory would have the Court rule that this current action is a continuation of her Rule 202 petition, which would in turn make BCM's removal untimely. The suit before this Court, however, is a "wholly new lawsuit," and "[a] defendant's conduct in a prior lawsuit has no bearing on the removability of a later suit."[15] The distinctiveness of this suit is particularly apparent when contrasted with the purpose of a Rule 202 petition, which pertains to pre-suit discovery.[16] Moreover, when the plaintiff filed this suit,

---

[13] Plaintiff Doe's Brief in Support of Motion to Remand, [Doc. 9] at *1.

[14] *Compare Davidson v. S. Farm Bureau Cas. Ins. Co.*, 2006 WL 1716075 (S.D. Tex. June 19, 2006) at *2 ("[T]his Court concludes that a petition for discovery under Rule 202 does not constitute the filing of a civil lawsuit . . . [and] joins others within this district, which have held that a Rule 202 petition is not a 'civil action' removable under 28 U.S.C. § 1441.") *with Cong v. ConocoPhillips Co.*, 2016 WL 6603244 at *1–2 (S.D. Tex. Nov. 8, 2016) (holding that the 202 petition "may be moved to federal court) and *In re Texas*, 110 F. Supp. 2d 514, 523 (E.D. Tex. 2000) (determining that Rule 202 proceeding is a civil action).

[15] *Hingst v. Providian Nat. Bank*, 124 F. Supp. 2d 449, 452 (S.D. Tex. 2000).

[16] The enumerated purpose of these petitions is "[t]o perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or to investigate a potential claim or suit." Tex. R. Civ. P. 202.1.

it was titled "Plaintiff's *Original* Petition."[17] In relation to the Rule 202 petition, to call this suit a "continuation" in substance would be a stretch, and to call it a "continuation" in form would be nonsensical. The plaintiff's novel, wholly unsupported "continuation" theory in the context of Texas Rule 202 petitions is rejected.

3.    *Conclusion*

Since snap removal may be utilized by a forum defendant, and since the plaintiff's novel "continuation" theory is without merit, the plaintiff's Motion to Remand fails. (9)

Signed on September 20, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[17] [Doc. 1-2] at 2 (emphasis added).

5