United States District Court
Southern District of Texas
**ENTERED**
July 05, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JANE DOE,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 4:22-CV-02416 |
| § | |
| **BAYLOR COLLEGE OF MEDICINE,** § | |
| § | |
| **Defendant.** § | |

## MEMORANDUM OPINION AND ORDER

On April 17, 2020, Defendant Baylor College of Medicine ("Baylor") ended its relationship with Plaintiff Jane Doe. In July 2022, Doe filed her Original Complaint asserting claims of discrimination on the basis of sex, sexual harassment, and retaliation in violation of the Texas Commission on Human Rights Act ("TCHRA"). Doe amended her Complaint in August 2022 and now requests leave to amend a second time. Baylor is opposed.

Pending before the Court is Plaintiff Doe's First Motion for Leave to Amend Complaint, (Dkt. No. 41). For the following reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

I.  BACKGROUND

Plaintiff Jane Doe alleges that she came to Houston at the age of 19 to begin her graduate studies at Baylor College of Medicine. (Dkt. No. 41 at 1). Doe enrolled in Baylor's doctoral program in biomedical science while working in the laboratories of senior research scientists. (*Id.* at 1–2). She attended Baylor "on a full scholarship and

financial assistance from grants and possibly other agreements to which she was not in privity yet was intended for her benefit." (*Id.* at 5).

On April 17, 2020, after attending for two years, Doe's laboratory position was terminated, and she was expelled from the graduate program. (*Id.* at 2). Doe alleges that Baylor did not award her with anything to show for her time in the program despite having met the requisites for the master's degree "that is awarded when a doctoral program is exited prior to attainment of the Ph.D." (*Id.*). Doe argues that Baylor's actions were illegally motivated by discrimination on the basis of sex, sexual harassment, and retaliation in violation of the TCHRA. (*Id.*). She also seeks declaratory judgment "as a mechanism to require [Baylor] to confer a Terminal Masters in Science degree[.]" (*Id.*).

On April 3, 2023,[1] Doe filed this Motion seeking (1) to add a claim under Title IX and (2) to replace her claim under the Declaratory Judgment Act with "claims based on breaches of express/implied contracts . . . seek[ing] specific performance of the award of the Terminal Masters of Science Degree and attorney fees." (*Id.* at 2–3). Baylor is opposed to this Motion, arguing that "all such claims are futile." (Dkt. No. 47 at 6). With briefing now complete, the Court will turn to the merits of the Motion.

## II.   LEGAL STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave."

---

[1]   Doe notes that the deadline to file motions to amend was extended to April 3, 2023 "[b]y agreement of the parties, and a nod from the Court[.]" (Dkt. No. 41 at 3). Baylor does not contest the timeliness of this Motion.

2

Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Rule 15(a) "evinces a strong bias in favor of granting a motion for leave to amend a pleading." *FDIC v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994). But it "is not automatic." *Matter of Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996). A court should deny leave to amend "if it determines that the 'proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its facts.'" *Campa v. Nationwide Prop. & Cas. Ins. Co.*, No. 4:10-CV-02707, 2010 WL 3733469, at *2 (S.D. Tex. Sept. 7, 2010) (quoting 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Proc. § 1487 (2d ed. 1990)).

"A decision to grant leave is within the discretion of the trial court." *Southmark*, 88 F.3d at 314 (citing *Louisiana v. Litton Mortgage Co.*, 50 F.3d 1298, 1302–03 (5th Cir. 1995)). But that discretion "is not broad enough to permit denial if the court lacks a substantial reason to do so." *Id.* (citing *Litton Mortgage Co.*, 50 F.3d at 1302–03). "Toward that end, the district court may consider factors such as whether there has been 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.'" *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002) (quoting *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998)).

So, "[i]t is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). An amendment is futile when "the amended complaint would fail to state a claim upon which relief could be granted." *Id.* at 873 (explaining that the standard for sufficiency

3

when evaluating futility is the same as the 12(b)(6) standard of legal sufficiency). Notably, "a court need not grant leave to amend when the filing would be futile because the proposed claims are time-barred." *Newby v. Enron Corp.*, 542 F.3d 463, 469 (5th Cir. 2008).

### III.  DISCUSSION

Doe seeks leave to amend her Complaint by adding (1) a claim under Title IX and (2) contractual claims in lieu of her Declaratory Judgment Act claim. (Dkt. No. 41 at 2–3). In response, Baylor argues that the Motion should be denied "because all such claims are futile." (Dkt. No. 47 at 6). Baylor argues that Doe's Title IX claims are futile because they are "barred by the two-year statute of limitations," regardless of whether they "relate back" to the date of her original Complaint, and that Doe's argument that the statute of limitations should be equitably tolled "have no merit[.]" (*Id.*). Baylor also argues that Doe's contractual claims "fail[] because the conduct policies on which Plaintiff bases her claims are not contracts as a matter of law." (*Id.* at 7).

#### A.  TITLE IX CLAIM

Doe argues that she believed that "her status and claims sounded in employment law" only because of Baylor's "deliberate acts and omissions." (Dkt. No. 41 at 2). But because Doe was a student at Baylor, she argues that "[a] claim under Title IX also arises out of the very same conduct, transaction, or occurrences set out—or attempted to be set out—in the original pleading[.]" (*Id.*). On that basis, she argues that her Title IX claim

4

"relates back to the date of the original pleading, July 20, 2022."[2] (*Id.*). Because that July 2022 pleading date does not meet the statute of limitations deadline, Doe asserts that equitable tolling is appropriate in this case. (*Id.* at 7).

In response, Baylor argues that Doe's Title IX claim is futile because it is time-barred by a two-year statute of limitations period, which would have already expired even if the claim related back to the filing date of the original Complaint. (Dkt. No. 47 at 8–10). As to equitable tolling, Baylor argues that the doctrine is inapplicable because the school "did not conceal the material facts that she was a student or that she was expelled from its graduate school on April 17, 2020." (*Id.* at 12–16). Further, Baylor argues that Doe was not "without knowledge or means of obtaining" these facts. (*Id.* at 15). According to Baylor, Doe therefore "had the means to obtain knowledge of her legal rights" under Title IX. (*Id.* at 14). The Court agrees with Baylor.

1. **Statute of Limitations**

In Texas, Title IX claims are subject to a two-year statute of limitations period. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015). The statute of limitations begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id.* at 762 (quoting *Spotts v. United States*, 613 F.3d 559, 574 (5th Cir. 2010)) (internal quotation marks

---

[2] Doe notes that Baylor did not "formally den[y]" conferral of the master's degree until much later. (Dkt. No. 41 at 2). Because Doe admits that her claim arises out of conduct that occurred in April 2020, however, the later date is immaterial to when the cause of action accrued. *See King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 762 (5th Cir. 2015) (discussing when a plaintiff's claim accrues for purposes of limitation periods).

omitted). In this case, the alleged injury—Doe's expulsion—occurred in April 2020, and as a result, the statute of limitations expired two years later in April 2022. Because Doe's original Complaint was filed in July 2022, relating the Title IX claim back to that date does not cure the deficiency. *See, e.g., Williams v. Simmons Co.*, 185 F.Supp.2d 665, 674 (N.D. Tex. 2001) ("It would thus appear that such claim would be futile even if Plaintiffs claimed the amendment related back to the original petition[.]").

### 2. Equitable Tolling

The doctrine of equitable estoppel "tolls the statute of limitations when a defendant conceals material facts from a party without knowledge of those facts." *Doe v. Baylor Univ.*, 313 F.Supp.3d 786, 792 (W.D. Tex. 2018) (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 515–16 (Tex. 1998)). This doctrine requires "(1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations." *Id.* (quoting *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 489 (Tex. 1991), *overruled on other grounds by In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 310 (Tex. 2010)) (internal quotation marks omitted). "[A] similar doctrine based on the principles of equitable estoppel," the doctrine of fraudulent concealment "'estops a defendant to rely on the statute of limitations as an affirmative defense when the defendant owes a duty to disclose but fraudulently conceals the existence of a cause of action.'" *Id.* (quoting *Cody Tex., L.P. v. BPL Expl., Ltd.*, 513 S.W.3d 522, 539 (Tex. App.—San Antonio 2016, pet. denied)).

6

Despite Doe's assertion that Baylor "made several representations to Doe that she was an employee . . . after the claims were identified in a demand letter and a charge of discrimination and retaliation to the EEOC," (Dkt. No. 41 at 7), she does not allege that the school falsely represented or concealed facts material to a Title IX claim. Instead, Doe claims that Baylor's attorney "was misleading [her] in light of the basis for [Baylor's] 12b Motion to Dismiss," which argues that Doe was "a student and not an employee." (*Id.* at 8); (*see also* Dkt. No. 18 at 3–6). As to whether Baylor fraudulently concealed a Title IX cause of action, Doe asserts that Baylor had a "responsibilit[y] to notify the EEOC that it possibly did not have jurisdiction over Jane Doe's Charge," thus Baylor concealed the existence of a Title IX cause of action. (Dkt. No. 41 at 8).

While Baylor denies ever having referred to Doe as an "employee," (Dkt. No. 47 at 15 n.5), it notes that Doe's argument "relies on the flawed assumption that employee status and Title IX are mutually exclusive, which they are not." (*Id.* at 15). Thus, even if Baylor "had expressly stated that [Doe] was an employee, this was not misleading as to the applicability of Title IX, since employees as well as students of federally funded education institutions have Title IX rights." (*Id.*). Moreover, as Doe "was aware of her status as a graduate student when she enrolled," Baylor argues that the fourth element of equitable estoppel is absent because Doe cannot claim that she "had no knowledge that she was a student." (*Id.* at 15–16). Finally, Baylor asserts that fraudulent concealment is inapplicable here because Baylor "had no duty to assert every possible legal defense in its arsenal" in its response to the EEOC charge, which was "voluntary" to begin with. (*Id.* at 16).

Whether Baylor referred to Doe as an employee is immaterial because a person can be both a student and an employee at the same time. Doe does not allege that Baylor falsely represented that Doe was not a student, nor does she allege that the school concealed that she was a student from her. This is fatal to her argument because "[e]quitable estoppel and fraudulent concealment require[] the false representation or concealment of material facts." *Doe*, 313 F.Supp.3d at 793. Even if Baylor did mislead Doe "as to the nature of her claims," (Dkt. No. 41 at 7); (Dkt. No. 47 at 13), the school did not misstate or conceal any facts. For purposes of these equitable doctrines, "whether Baylor misinformed Plaintiff of her rights is not the question." *Doe*, 313 F.Supp.3d at 793 (finding that even if defendant had manipulated and misinformed the plaintiff, she was not entitled to equitable tolling). The question is whether Baylor falsely represented or concealed material facts. In this case, Doe knew that she was a student and that she had been expelled on April 17, 2020, and "[k]nowledge of such facts is in law equivalent to knowledge of the cause of action." *Id.* (quoting *Borderlon v. Peck*, 661 S.W.2d 907, 909 (Tex. 1983)). Thus, Doe is not entitled to equitable tolling, and her Title IX claim is futile because it is time-barred. *See Mazza v. Tarleton State Univ.-Waco*, No. 6:19-CV-00373, 2020 WL 5997049, at *3 (W.D. Tex. Aug. 20, 2020), *report and recommendation adopted,* No. 6:19-CV-00373, 2020 WL 5984060 (W.D. Tex. Oct. 8, 2020).

### B.  CONTRACTUAL CLAIMS

In her Motion, Doe argues that "[c]ontracts exist, singularly as express OR collectively as implied-in-fact, between Jane Doe and [Baylor] via the offer and acceptance documents, Mentor/Student Compact, Code of Conduct and [Baylor's]

policies and procedures that dictate standards of conduct and disciplinary processes." (Dkt. No. 41 at 4). She also argues that "[i]n the alternative, at the very least, there is an implied-in-fact contract between Ms. Doe and [Baylor] in that completing stated requirements of a Terminal Masters in Science degree will result in [Baylor] conferring that degree." (*Id.* at 4–5). Finally, Doe asserts that she also has standing to bring a breach-of-contract claim as a third-party beneficiary. (*Id.* at 11). In response, Baylor argues that these claims are futile because Baylor's policies "are not contracts as a matter of law." (Dkt. No. 47 at 17–20). Next, Baylor asserts that Doe's "vague allegations" claiming standing as a third-party beneficiary "are insufficient to meet her burden at the pleading stage." (*Id.* at 20). In reply, Doe argues that she has "correctly identifie[d] the specific contractual terms applicable and the precise acts and omissions [Baylor] engaged in that breached those terms, as required[.]" (Dkt. No. 48 at 6). On this, the Court agrees with Doe.

To plead a breach-of-contract claim in Texas, plaintiffs must allege "1) the existence of a valid contract; 2) performance or tendered performance by the plaintiff; 3) breach of the contract by the defendant; and 4) damages to the plaintiff resulting from the breach." *Lewis v. Bank of Am. NA*, 343 F.3d 540, 545 (5th Cir. 2003) (applying Texas law). In this case, Baylor contests only the first element, arguing that Doe has not alleged the existence of a valid contract. (Dkt. No. 47 at 17–20). Although "the *interpretation* of a contract is a question of law," the determination of whether a contract exists "involves both questions of fact . . . and questions of law[.]" *Merritt-Campbell, Inc. v. RxP Prods., Inc.*, 164 F.3d 957, 961 (5th Cir. 1999) (emphasis added); *see also Infrasource Constr., LLC v.*

9

*Sturgis Mat Co., Inc.*, No. 4:19-CV-02672, 2021 WL 1200891, at *6 (S.D. Tex. Feb. 26, 2021), *report and recommendation adopted sub nom. Infrasource Constr., L.L.C. v. Sturgis Mat Co., Inc.*, No. 4:19-CV-02672, 2021 WL 1198246, at *6 (S.D. Tex. Mar. 30, 2021) (finding that whether a contract exists under Texas law involves questions of fact); *R.R. Comm'n of Tex. v. Gulf Energy Expl. Corp.*, 482 S.W.3d 559, 575 (Tex. 2016).

While Baylor may dispute the veracity of Doe's legal theory—whether certain documents confer contractual rights—the fact remains that Doe's amended pleading has alleged facts in support of the existence of valid contracts and has, therefore, sufficiently pleaded the elements of a claim for breach of contract. (*See* Dkt. No. 42-1 at 2–4, 17–23); *see also Pereida v. Wilkinson*, 592 U.S. ___, ___, 141 S.Ct. 754, 765 n.6, 209 L.Ed.2d 47 (2021) ("It is 'generally a question of fact for the jury whether or not a contract actually exists.'" (cleaned up) (quoting 11 R. Lord, Williston on Contracts § 30:3, pp. 37–39 (4th ed. 2012)). Thus, Doe's amendment is not futile. *See Stripling*, 234 F.3d at 873 (holding that the district court abused its discretion by finding that plaintiff's requested amendment was futile because "[u]nder the low threshold by which we evaluate dismissal under Rule 12(b)(6) and resolving any doubts in favor of [the plaintiff], we find that [the plaintiff] adduced facts in support of its claim that would entitle it to relief").

## IV.   CONCLUSION

For the forgoing reasons, Plaintiff Doe's First Motion for Leave to Amend Complaint, (Dkt. No. 41), is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is **ORDERED** to refile her Second Amended Complaint in conformity with this

Memorandum Opinion and Order within ten calendar days.  As a result, Defendant's Motion to Dismiss, (Dkt. No. 18), is **TERMINATED** as moot.

It is SO ORDERED.

Signed on July 3, 2023.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**