**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **JANE DOE,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | **CIVIL ACTION NO. 4:22-CV-2416**[1] |
| **v.** | § | |
| | § | **JURY DEMANDED** |
| **BAYLOR COLLEGE OF MEDICINE,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**DEFENDANT BAYLOR COLLEGE OF MEDICINE'S
ANSWER AND AFFIRMATIVE AND OTHER DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Baylor College of Medicine ("Defendant") files this Answer and Affirmative and Other Defenses to Plaintiff Jane Doe's ("Plaintiff") Second Amended Complaint and responds to the corresponding numbered paragraphs in Plaintiff's Second Amended Complaint ("Complaint")[2] as follows.

**JURISDICTION AND VENUE**

1.      Defendant admits to the first sentence of Paragraph 1. Defendant admits that Plaintiff's motion for remand was denied, but denies the remaining allegations in the second sentence of Paragraph 2 of the Complaint.

2.      Defendant admits venue is proper in the United District Court for the Southern District of Texas – Houston Division because Defendant resides in this District and the events that

---

[1] As consolidated with Case no. 4:22-cv-2444.

[2] [Dkt. 51]. Defendant files this answer in response to this most recent live pleading, which supersedes and replaces Plaintiff's previously-filed Second Amended Complaint. [Dkt. 50].

given rise to Plaintiff's claims occurred in whole or in part in this District. Except as expressly admitted, Defendant denies the allegations in Paragraph 2 of the Complaint.

**PARTIES**

3.      Defendant is without sufficient knowledge or information to admit or deny Plaintiff's current place of residence.

4.      Defendant admits the allegations in Paragraph 4 of the Complaint as it relates to service of a Summons and its attachments in this federal court action. Except as expressly admitted, Defendant denies the allegations in Paragraph 4 of the Complaint.

**NATURE OF ALLEGED ACTION**

5.      Defendant admits to the allegations in Paragraph 5 of the Complaint.

6.      Defendant denies the allegations in Paragraph 6 of the Complaint.

7.      Defendant denies the allegations in Paragraph 7 of the Complaint.

8.      Defendant admits that Plaintiff attached, with alterations, a copy of Defendant's "Compact Between BCM Graduate Students and Their Mentors" document as Exhibit 2 to the Complaint. Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

9.      Defendant denies the allegations in Paragraph 9 of the Complaint.

10.     Defendant admits that the Complaint purports to allege a breach of contract claim. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11.     Defendant admits that the Complaint purports to allege a breach of contract claim. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12.     Defendant denies the allegations in Paragraph 12 of the Complaint.

2

13.     Defendant admits that Plaintiff was dismissed as a student from Defendant's Graduate School of Biomedical Sciences on or around April 17, 2020. Except as expressly admitted,  Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations in Paragraph 15 of the Complaint.

16.     Defendant admits that Plaintiff "sues" for alleged breach of contract.  Except as expressly admitted,  Defendant denies the remaining allegations in Paragraph 16 of the Complaint.

17.     Defendant admits that Plaintiff seeks specific performance as a remedy in the Complaint. Defendant denies that Plaintiff is entitled to recover for specific performance under a breach of contract claim or any other legal theory. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18.     Defendant is without sufficient knowledge or information to admit or deny Plaintiff's employment status, and therefore denies those allegations on that basis. Defendant denies the remaining allegations in Paragraph 18 of the Complaint.

19.     Defendant admits that Plaintiff alleges claims under Chapter 21 of Texas Labor Code. Defendant denies that there is any basis for such claims or that Plaintiff is entitled to any recovery under Chapter 21 of the Texas Labor Code or under any other law. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 19 of the Complaint.

20.     Defendant admits that Plaintiff seeks backpay in the Complaint but denies that Plaintiff is entitled to backpay or any other relief. Defendant denies the remaining allegations in Paragraph 20 of the Complaint.

## ALLEGED PROCEDURAL BACKGROUND

21.     Defendant admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 21 of the Complaint.

22.     Defendant admits filing a Position Statement in response to Plaintiff's charge of discrimination, the contents of which speaks for itself.  Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 22 of the Complaint.

23.     Defendant admits to the allegations in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations in Paragraph 24 of the Complaint.

25.     Defendant admits that the 157th Judicial District of Harris County, Texas entered an Order granting in part Petitioner's Request for Rule 202 Examination with certain conditions, the contents of which speaks for itself.  On March 18, 2022, Defendant appealed this Order. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 25 of the Complaint.

26.     Defendant admits to filing an appeal of the 157th Judicial District's February 18, 2022 Order. Defendant denies the remaining allegations in Paragraph 26 of the Complaint.

27.     Defendant is without information sufficient to admit or deny the first and second sentences of Paragraph 27, which purport to describe the personal beliefs of Plaintiff and her parents, which Defendant contends are untrue and unfounded. To the extent these allegations are intended to constitute factual allegations, Defendant denies the allegations in Paragraph 27 of the Complaint.

28.     The allegations in the first sentence of Paragraph 28 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Plaintiff

filed two state courts petitions against Defendant in the 157th and 190th Judicial Districts of Harris County, Texas. Except as admitted, Defendant denies the remaining allegations in Paragraph 28 of the Complaint.

29.    Defendant admits it timely and properly removed both actions filed against it, described in the preceding paragraph. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 29 of the Complaint.

**ALLEGED MATERIAL FACTS**

30.    Defendant admits that Plaintiff enrolled as a student in Defendant's Graduate School of Biomedical Sciences on or around August 2016. Defendant is without sufficient or information to admit or deny the remaining allegations in Paragraph 30 of the Complaint. To the extent a response is required, Defendant denies the allegations in Paragraph 30 of the Complaint.

31.    Defendant admits that Plaintiff was a graduate student who performed an academic rotation in Dr. Finnell's laboratory and that Plaintiff was dismissed from her academic program. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 31 of the Complaint.

32.    Defendant is without sufficient knowledge or information to admit or deny the allegation in Paragraph 32 of the Complaint, and will therefore deny the allegations on this basis.

33.    Defendant is without sufficient knowledge or information to admit or deny the allegation in Paragraph 33 of the Complaint with respect to the student's "assumed" position within Dr. Finnell's lab, and will therefore deny the allegations on this basis. Defendant denies the remaining allegations in Paragraph 33 of the Complaint.

34.     Defendant is without sufficient knowledge or information at this time to admit or deny the allegations in Paragraph 34. To the extent a response is required, Defendant denies the allegations in Paragraph 34 of the Complaint.

35.     Defendant admits that Plaintiff interacted with other graduate students.  Defendant is without sufficient knowledge or information at this time to admit or deny the remaining allegations in Paragraph 35. To the extent a response is required, Defendant denies the allegations in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations in Paragraph 36 of the Complaint.

37.     Defendant admits that Plaintiff and another graduate student engaged in a consensual sexual relationship, but is without sufficient knowledge or information to admit or deny the allegations regarding Plaintiff's personal beliefs. To the extent a different response is required, Defendant denies the allegations in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations in Paragraph 40 of the Complaint.

41.      Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 41, and denies the allegations on that basis.

**Doe Allegedly Seeks Help from BCM**

42.     Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations in Paragraph 44 of the Complaint and further asserts that any such communications are privileged.

45.     Defendant denies the allegations in Paragraph 45 of the Complaint and further asserts that any such communications are privileged.

46.     Defendant admits that Plaintiff disclosed to Dr. Finnell her prior relationship with a graduate student after the relationship had ended, but is without sufficient knowledge or information to admit or deny the remaining allegations in the first sentence of Paragraph 46 and will deny the same on that basis. Defendant denies the allegations in the second sentence of Paragraph 46.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     To the extent Paragraph 48 contains things allegedly "witnessed" by a third party, and that third party's personal beliefs and interpretation of information contained in an unidentified document, Defendant does not have sufficient knowledge or information to admit or deny the accuracy of the allegations contained therein. To the extent a response is required, Defendant denies the allegations in Paragraph 48 of the Complaint.

49.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 49, and will therefore deny the allegations on that basis.

50.     Defendant admits that a sexual harassment allegation was filed anonymously with Defendant's Human Resources Department in or around June 2019, but lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 50, and will deny the allegations on that basis.

51.     Defendant is without information sufficient to admit or deny the authenticity or accuracy of the transcript Plaintiff purports to quote in Paragraph 51, and denies all allegations referring to it on that basis.  To the extent that Plaintiff is attempting to quote from the contents of one of the secret recordings she made of students and/or BCM employees, the contents and

purported accuracy of those recordings speak for themselves.  Defendant denies all remaining allegations of Paragraph 51 of the Complaint.

52.     Defendant admits that Defendant has a "Sexual Misconduct and Other Prohibited Conduct Policy" which includes portions of the language quoted with alterations by Plaintiff. Defendant denies violating this or any other policy. Unless expressly admitted, Defendant denies the remaining allegations in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations in Paragraph 55 of the Complaint.

### THE ALLEGED 2017 SEXUAL HARASSMENT INCIDENT

56.     Defendant admits that Plaintiff was involved in an investigation of alleged sexual harassment in or around 2017. Defendant denies the remaining allegations in Paragraph 56 of the Complaint.

57.     Defendant admits that Plaintiff  was assigned to Dr. Bertuch's laboratory as part of her academic rotation. Defendant denies the remaining allegations in Paragraph 57 of the Complaint.

58.     Defendant admits that Plaintiff and another female graduate student filed a complaint, which was investigated by Defendant and its Human Resources personnel. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 58 of the Complaint.

59.     Defendant admits that a report was made regarding the investigation and its findings, the contents of which speak for themselves. Defendant denies that the allegations of Paragraph 59 accurately portray the substance or summary of the contents of the report. Defendant denies the remaining allegations in Paragraph 59 of the Complaint.

8

60.     Defendant admits that Paragraph 60 contains select quotes, with alterations, from the investigation report prepared by Ms. Shanika Brooks. Defendant denies the allegations in Paragraph 60 as portraying the substance or summary of the investigation report. Except as expressly admitted, Defendant denies the allegations in Paragraph 60 of the Complaint.

61.     Defendant denies the allegations in Paragraph 61 of the Complaint.

62.     Defendant denies the allegations in Paragraph 62 of the Complaint.

63.     Defendant admits that the investigation found allegations of violations of Defendant's policy were unsubstantiated. Unless expressly admitted, Defendant denies the allegations in Paragraph 63 of the Complaint.

64.     Defendant admits that the investigation found allegations of violations of Defendant's policy were unsubstantiated. Unless expressly admitted, Defendant denies the allegations in Paragraph 64 of the Complaint.

65.     Defendant denies the allegations in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations in Paragraph 66 of the Complaint.

67.     Defendant denies the allegations in Paragraph 67 of the Complaint.

68.     Defendant is without information sufficient to admit or deny the authenticity or accuracy of the transcript referenced in Paragraph 68 of the Complaint, and denies the allegations in Paragraph 68 referring to it on that basis. Defendant denies the remaining factual allegations in Paragraph 68 of the Complaint.

**BCM Allegedly Manages Doe's Complaints to Termination / Expulsion**

69.     Defendant admits an outside investigator, Sandra Lauro of DeDe Church & Associates, LLC, conducted an independent investigation.  Defendant further admits that Paragraph 69 contains select quotes, with alterations, from Ms. Lauro's investigation report.

9

Defendant denies the allegations in Paragraph 69 as portraying the substance or summary of Ms. Lauro's investigation report. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 69 of the Complaint.

70.    Defendant denies the allegations in Paragraph 70 of the Complaint, including denying that Plaintiff accurately quotes from an investigator's report.

71.    Defendant denies the allegations in Paragraph 71 of the Complaint.

72.    Defendant denies the allegations in Paragraph 72 of the Complaint.

73.    Defendant denies the allegations in Paragraph 73 of the Complaint.

74.    Defendant is without sufficient knowledge or information to admit or deny the allegations regarding statements made by one or more unidentified "HR staff," and therefore denies the allegations in Paragraph 74 on that basis. Defendant denies the remaining allegations in Paragraph 74 of the Complaint.

75.    Defendant denies the allegations in Paragraph 75 of the Complaint.

76.    Defendant is without sufficient information to admit or deny the allegations pertaining to what Ms. Garcia may believe she "observed" and will deny the allegations on that basis.  Defendant further denies the truth and accuracy of any such beliefs. To the extent the allegations purport to be factual allegations against Defendant, Defendant denies the allegations in Paragraph 76 of the Complaint.

77.    Defendant is without sufficient information to admit or deny the allegations pertaining to what Ms. Garcia may believe she "observed" and will deny the allegations on that basis. Defendant further denies the truth and accuracy of any such beliefs. To the extent the allegations purport to be factual allegations against Defendant, Defendant denies the allegations in Paragraph 77 of the Complaint.

78.     Defendant denies the allegations in Paragraph 78 of the Complaint.

79.     Defendant denies the allegations in Paragraph 79 of the Complaint.

80.     Defendant denies the allegations in Paragraph 80 of the Complaint.

86. [SIC] Defendant admits that the Ms. Lauro's investigation report did not substantiate any alleged violation of Defendant's Sexual Misconduct Policy by Dr. Finnell. Unless expressly admitted, Defendant denies the remaining allegations in Paragraph 86 of the Complaint.

81.     Defendant denies the allegations in Paragraph 81 of the Complaint.

82.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 82 pertaining to the perception or beliefs of unidentified "multiple witnesses," and therefore denies the allegations on that basis. Except as expressly admitted, Defendant denies the allegations in Paragraph 82 of the Complaint, including all assumptions contained in the compound and multifarious allegations therein.

83.     Defendant admits that Plaintiff was given an opportunity to provide a written statement in response to Ms. Lauro's investigation report, the substance of which speaks for itself. To the extent Paragraph 83 contains factual allegations against the Defendant and mischaracterizes Ms. Lauro's report and findings, Defendant denies those allegations.

84.     Defendant admits that a Title IX coordinator reviewed and considered Plaintiff's appeal request. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 84 of the Complaint.

85.     Defendant admits that it concluded the allegations investigated by Ms. Lauro's report were unsubstantiated. Except as expressly admitted, Defendant denies the allegations in Paragraph 85 of the Complaint.

86.     Defendant denies the allegations in Paragraph 86 of the Complaint, specifically including the assumption that there was a finding that Dr. Finnell failed to follow BCM policies and procedures.

### The Alleged Harasser and BCM Complain Against Doe

87.     Defendant admits to receiving a written report alleging multiple violations by Plaintiff under Defendant's policies, which were investigated by a third-party investigator. Defendant admits that the third party investigator found the allegations of dating violence asserted against Plaintiff to be unsubstantiated. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 87.

88.     Defendant denies the allegations in Paragraph 88 of the Complaint.

89.     Defendant denies the allegations in Paragraph 89 of the Complaint.

90.     Defendant denies the allegations in Paragraph 90 of the Complaint.

91.     Defendant admits that Plaintiff submitted a written response to Ms. Moore's investigation report. Except as expressly admitted, Defendant denies the allegations in the first sentence of Paragraph 91. Defendant denies the allegations in the second sentence of Paragraph 91.

92.     Defendant denies the allegations in Paragraph 92 of the Complaint, specifically including the allegation that policies and procedures were not properly followed.

93.     Defendant admits that Plaintiff initiated the appeals procedure as set forth in Defendant's Student Appeals & Grievance Policy. Defendant further admits that Plaintiff was dismissed from Defendant's Graduate School of Biomedical Sciences on or around April 17, 2020. Except as expressly admitted, Defendant denies the allegations in Paragraph 93 of the Complaint.

### COUNT ONE: ALLEGED TCHRA DISCRIMINATION

94. Defendant adopts and incorporates herein by reference the answers and responses to each of the preceding Paragraphs as if fully set forth herein.

95. The allegations in Paragraph 95 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 95 of the Complaint.

96. Defendant admits that Plaintiff is a female but is without sufficient information or knowledge as to admit or deny Plaintiff's gender or sexual orientation, and will deny the allegations on that basis. Defendant denies that Plaintiff was an employee at all times relevant. The remaining allegations of Paragraph 96 call for one or more legal conclusions to which no response is required.  To the extent any factual allegations are asserted, Defendant denies the same.

97. The allegations in Paragraph 97 call for a legal conclusion to which no response is required. To the extent any factual allegations are asserted, Defendant denies being an employer of Plaintiff at all times relevant.

98. Defendant denies the allegations in Paragraph 98 of the Complaint.

99. Defendant denies the allegations in Paragraph 99 of the Complaint.

100. Defendant denies the allegations in Paragraph 100 of the Complaint.

101. Defendant denies the allegations in Paragraph 101 of the Complaint.

102. Defendant denies the allegations in Paragraph 102 of the Complaint.

103. Defendant denies the allegations in Paragraph 103 of the Complaint.

### COUNT TWO: ALLEGED RETALIATION UNDER TCHRA

104. Defendant adopts and incorporates herein by reference the answers and responses to each of the preceding Paragraphs as if fully set forth herein.

105.     Defendant denies the allegations in Paragraph 105 of the Complaint.

106.     Defendant denies the allegations in Paragraph 106 of the Complaint.

107.     Defendant denies the allegations in Paragraph 107 of the Complaint.

108.     Defendant denies the allegations in Paragraph 108 of the Complaint.

109.     Defendant denies the allegations in Paragraph 109 of the Complaint.

110.     Defendant denies the allegations in Paragraph 110 of the Complaint.

## COUNT THREE: ALLEGED BREACH OF CONTRACT

111.     Defendant adopts and incorporates herein by reference the answers and responses to each of the preceding Paragraphs as if fully set forth herein.

112.     Defendant denies the allegations in the first sentence of Paragraph 112. Defendant admits that Plaintiff attached, with alterations, a copy of the "Compact Between BCM Graduate Students and Their Mentors" as Exhibit 2 to the Complaint, the substance of which speaks for itself. To the extent the remainder of Paragraph 112 contains factual allegations against the Defendant, Defendant denies those factual allegations.

113.     Defendant admits that Plaintiff attached, with alterations, a copy of Defendant's "Sexual Misconduct and Other Prohibited Conduct Policy" as Exhibit 6 to the Complaint, the substance of which speaks for itself.  Defendant denies the remaining allegations of Paragraph 113 of the Complaint.

114.     Defendant admits that Plaintiff attached, with alterations, a copy of Defendant's "Policy Regarding Harassment, Discrimination and Retaliation" as Exhibit 7 to the Complaint, the substance of which speaks for itself. Defendant denies the remaining allegations in Paragraph 114 of the Complaint.

115.    Defendant admits that Paragraph 115 contains quotes, with alterations, from Section I.V.H. of Defendant's "Sexual Misconduct and Other Prohibited Conduct Policy." Defendant denies the remaining allegations in Paragraph 115 of the Complaint.

116.    Defendant admits that the allegations in Paragraph 116 reference Exhibits 3 and 5 as attached to the Complaint, the substance of which speaks for themselves. Defendant further admits that the allegations in Paragraph 116 contains quotes, with alterations, from Defendant's "Compact Between BCM Graduate Students and Their Mentors," the substance of which speaks for itself. To the extent the remainder of Paragraph 116 contains factual allegations against the Defendant, Defendant denies those factual allegations.

117.    Defendant admits that Paragraph 117 contains quotes, with alterations, from Defendant's "Learner Mistreatment Policy" attached as Exhibit 4 to the Complaint. Defendant denies the remaining allegations in Paragraph 117 of the Complaint.

118.    Defendant admits that Paragraph 118 contains quotes, with alterations, from Defendant's "Learner Mistreatment Policy" attached as Exhibit 4 to the Complaint. To the extent Paragraph 118 contains factual allegations against the Defendant, Defendant denies those factual allegations.

119.    Defendant admits that Paragraph 119 contains quotes, with alterations, from Defendant's "Learner Mistreatment Policy" attached as Exhibit 4 to the Complaint. Defendant denies violating Section I.B.iii of the "Learner Mistreatment Policy" or any other policy and denies the remaining allegations in Paragraph 119 of the Complaint.

120.    Defendant denies that Paragraph 120 contains accurate or complete quotes from Defendant's "Learner Mistreatment Policy" and denies the allegations on that basis.  To the extent

Paragraph 120 contains factual allegations against the Defendant, Defendant denies those factual allegations.

121.    Defendant denies the allegations in Paragraph 121 of the Complaint.

122.    Defendant admits that Paragraph 122 contains quotes, with alterations, from Section VII of Defendant's "Sexual Misconduct and Other Prohibited Conduct Policy" as attached to Exhibit 6 of the Complaint. To the extent  Paragraph 122 contains factual allegations against the Defendant, Defendant denies those factual allegations.

123.    Defendant denies the allegations in Paragraph 123 of the Complaint.

124.    Defendant denies the allegations in Paragraph 124 of the Complaint.

125.    Defendant admits that the first sentence of Paragraph 125 contains quotes from Defendant's "Sexual Misconduct and Other Prohibited Conduct Policy,"  attached as Exhibit 6 to the Complaint.  Defendant denies the allegations in the second sentence of Paragraph 125.

126.    Defendant admits that Paragraph 126 contains quotes from Section IV(A)(ii)(7) of Defendant's "Sexual Misconduct and Other Prohibited Conduct Policy," attached as Exhibit 6 to the Complaint. To the extent Paragraph 126 contains factual allegations against the Defendant, Defendant denies those factual allegations.

127.    Defendant denies the allegations in Paragraph 127 of the Complaint.

128.    Defendant admits that Plaintiff submitted written response to Ms. Lauro's investigation report in accordance with Defendant's policies and procedures, but is without sufficient knowledge or information to admit or deny the allegations pertaining to "at least witnesses that Lauro had interviewed" and will deny the allegations in the first sentence of Paragraph 128 on that basis. Defendant denies the remaining allegations in Paragraph 128 of the Complaint.

129.     Defendant denies the allegations in the first sentence of Paragraph 129 of the Complaint. Defendant admits that the second sentence of Paragraph 129 contains quotes, with alterations, from Defendant's "Sexual Misconduct and Other Prohibited Conduct Policy," attached as Exhibit 6 to Plaintiff's Complaint. To the extent Paragraph 129 contains factual allegations against the Defendant, Defendant denies those factual allegations.

130.     Defendant denies the allegations in the first sentence of Paragraph 130 of the Complaint. Defendant is without sufficient knowledge or information regarding the alleged "missing reports of witnesses" to admit or deny the allegations in the second sentence of Paragraph 130 and will deny the same on that basis. Defendant denies the allegations in the remaining sentences of Paragraph 130.

131.     Defendant denies the allegations in the first sentence of Paragraph 131. Defendant admits that Defendant's "Sexual Misconduct and Other Prohibited Conduct Policy," attached as Exhibit 6 to the Complaint, provided the Title IX Coordinator to take certain actions in accordance with the Investigation & Adjudication Procedures contained therein. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 131 of the Complaint.

132.     Defendant is without sufficient knowledge or information to admit the allegations in the first sentence of Paragraph 132 as the sentence contains unclosed quotations, and Defendant will therefore deny the same on that basis. Defendant denies the allegations in the remaining sentences of Paragraph 132.

133.     Defendant admits that Section IV F.(i) of Defendant's Respectful & Professional Learning Environment Policy: Standards for Student Conduct and College Oversight states, in part, that "Office of the Provost. The Office of the Provost is responsible for notifying School Deans, the Director of the Center for Professionalism, and other relevant administrative personnel

of identified trends in professionalism for the purpose of facilitating awareness of cultural issues that may be specific to a school or program, and to highlight matters of broad institutional importance in need of remediation." Defendant denies violating this or any other policy as applicable to Defendant. Defendant denies the allegations in the second sentence of Paragraph 133 of the Complaint.

134.    Defendant is without sufficient knowledge or information to admit or deny the allegations regarding the reference to "so many policy sections implicated by breach" in the first sentence of Paragraph 134, and will therefore deny the same on that basis. Defendant further denies any breach of its policies.  The second sentence of Paragraph 134 does not contain any factual allegations to which a response is required. To the extent a factual response is required, Defendant denies those allegations.

135.    Defendant denies the allegations in Paragraph 135 of the Complaint.

**ALLEGED SPECIFIC PERFORMANCE RELIEF**

136.    The allegations in Paragraph 136 call for legal conclusions to which no response is required. To the extent a factual response is required, Defendant denies that Plaintiff is entitled to specific performance relief or any other relief.

137.    Defendant denies the allegations in Paragraph 137 of the Complaint and further denies that Plaintiff is entitled to any relief.

138.    Defendant denies the allegations in Paragraph 138 of the Complaint.

139.    Defendant admits the allegations in Paragraph 139 of the Complaint.

140.    Defendant denies the allegations in Paragraph 140 of the Complaint.

141.    Defendant denies the allegations in Paragraph 141 of the Complaint.

142.    Defendant denies the allegations in Paragraph 142 of the Complaint.

143.    Defendant denies the allegations in Paragraph 143 of the Complaint.

144.    Defendant denies the allegations in Paragraph 144 of the Complaint.

## ALLEGED EMPLOYER LIABILITY

145.    The allegations in Paragraph 145 call for a legal conclusion to which no response is required. To the extent a factual response is required, Defendant denies that it is liable to Plaintiff as an employer, and specifically denies liability under each of the theories listed in subparts (a) through (l) of Paragraph 145 of the Complaint.

## CONDITIONS PRECEDENT
## ALLEGED EXHAUSTION OF ADMINISTRATIVE REMEDIES

146.    Defendant denies the allegations in Paragraph 146 of the Complaint.

147.    Defendant denies the allegations in the first sentence of Paragraph 147.  Defendant admits that Plaintiff filed her EEOC charge of discrimination on or around July 22, 2020. The third sentence of Paragraph 147 calls for a legal conclusion to which no response is required. To the extent a factual response is required, Defendant denies those allegations and denies any remaining allegations not expressly admitted in Paragraph 147 of the Complaint.

148.    Defendant admits that the first sentence of Paragraph 148 cites to the *City of Houston v. Fletcher* decision, and in doing so, calls for a legal conclusion to which no response is required. Defendant admits that Plaintiff filed this lawsuit more than 180 days after her initial charge of discrimination. Defendant denies the allegations in the second sentence of Paragraph 148 of the Complaint.

149.    Defendant denies the allegations in Paragraph 149 of the Complaint.

## CONDITIONS PRECEDENT | ALLEGED BREACH OF CONTRACT

150.     Defendant denies the allegations in Paragraph 150 of the Complaint.

151.    Defendant denies the allegations in Paragraph 151 of the Complaint.

### ALLEGED EGGSHELL PLAINTIFF

152.    The allegations in Paragraph 152 contain legal conclusions to which no response is required. To the extent any factual response is required, Defendant denies that Plaintiff is entitled to any recovery under the "Eggshell Plaintiff" theory or any other theory.

### ALLEGED EQUITABLE TOLLING OF THE TITLE IX STATUTE OF LIMITATIONS

153.    Defendant denies that Plaintiff has pleaded a claim under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.* ("Title IX") and further denies the allegations in Paragraph 153 of the Complaint.

154.    The allegations in Paragraph 154 call for legal conclusions to which no response is required. To the extent any factual response is required, Defendant denies that Plaintiff is entitled to equitable tolling under Title IX.

155.    Defendant denies the allegations in the first sentence of Paragraph 155 of the Complaint. As to the subparts, Defendant admits only that Plaintiff received stipends from Defendant as part of her academic enrollment, the amounts of which are reflected in earning statements provided to Plaintiff. Defendant denies the remaining factual allegations in Paragraph 155 of the Complaint, including factual allegations in subparts (a) through (g) of Paragraph 155.

### ALLEGED PUNITIVE DAMAGES

156.    Defendant admits that Plaintiff seeks exemplary damages. Defendant denies the allegations in Paragraph 156 of the Complaint, and specifically denies that Plaintiff is entitled to exemplary, punitive or any other damages by this lawsuit or as a matter of law.

### ALLEGED ATTORNEYS' FEES

157.    Defendant is without sufficient knowledge or information to admit or deny the allegations of the first sentence of Paragraph 157, and will deny the allegations. Defendant

specifically denies Plaintiff needed her "rights" protected. Defendant admits that Plaintiff seeks attorneys' fees and costs but denies that Plaintiff is entitled to recover any attorneys' fees and costs under Chapter 21 of the Texas Labor Code or as a matter of law.

158.     Defendant admits that Plaintiff seeks attorneys' fees and costs but denies that Plaintiff is entitled to recover any attorneys' fees and costs under Chapter 38 of the Texas Civil Practice and Remedies Code or as a matter of law.

159.     Defendant admits that Plaintiff seeks attorneys' fees and expenses but denies that Plaintiff is entitled to recover any attorneys' fees and expenses as a matter of law or in the manner alleged in Paragraph 159 of the Complaint.

## JURY DEMAND

160.     Defendant admits that Plaintiff demands a jury trial.

## DAMAGES AND RELIEF SOUGHT

161.     Defendant adopts and incorporates herein by reference the answers and responses to each of the preceding Paragraphs as if fully set forth herein.

162.     Defendant admits that Plaintiff seeks certain damages and relief in the Complaint but denies that Plaintiff is entitled to any such remedies or relief (including requests in all subparagraphs thereto) of the Complaint.

## PRAYER

Defendant does not believe a responsive pleading is required in response to the prayer section of Plaintiff's Complaint. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

## **GENERAL DENIAL**

Except as specifically admitted, explained, or modified in this Answer, all other allegations, including but not limited to those allegations found in Plaintiff's Second Amended Complaint previously filed under Docket No. 50 with the Court and superseded by Docket No. 51, are denied in their entirety.

## **AFFIRMATIVE AND OTHER DEFENSES**

Subject to and without waiving the foregoing and without waiving the burden of proof Plaintiff would ordinarily be required to carry on any element of any claim asserted by her, and in the alternative where necessary, Defendant asserts the following defenses:

### **FIRST DEFENSE**

Defendant alternatively pleads that Plaintiff's claims should be dismissed, in whole or in part, for failure to state one or more claims upon which relief may be granted.

### **SECOND DEFENSE**

Defendant alternatively pleads that Plaintiff's claims are barred, in whole or in part, by her failure to comply with the applicable statute(s) of limitation.

### **THIRD DEFENSE**

Defendant alternatively pleads that Plaintiff's request for an award of damages should be offset, in whole or in part, based on any actual mitigation and/or Plaintiff's failure to mitigate her alleged damages.

### **FOURTH DEFENSE**

Defendant alternatively pleads that Plaintiff's claims are barred, in whole or in part, by her failure to timely exhaust her administrative remedies.

**FIFTH DEFENSE**

Defendant alternatively pleads that Plaintiff's claims are barred to the extent that her claims or supporting allegations exceed the reasonable scope and investigation of any charge of discrimination that Plaintiff filed with the Equal Employment Opportunity Commission and/or the Texas Workforce Commission.

**SIXTH DEFENSE**

Defendant alternatively pleads that Plaintiff's claims under state law are barred in whole or in part because at all relevant times to this action, Defendant acted in conformity with, and with a good faith reliance on the written laws, decisions, administrative regulations, orders, rulings, approvals, and interpretations of the appropriate agencies and federal and state courts, including the Texas Workforce Commission.

**SEVENTH DEFENSE**

Defendant alternatively pleads that Plaintiff's claims are barred, in whole or in part, because Plaintiff was not an employee under Section 21.002(7) of the Texas Labor Code.

**EIGHTH DEFENSE**

Defendant alternatively pleads that Plaintiff was not subjected to any tangible adverse employment action.

**NINTH DEFENSE**

Defendant alternatively pleads that any actions taken concerning Plaintiff's employment, if applicable, were done for legitimate, non-discriminatory, non-retaliatory reasons, and were not based on any legally protected status under state, federal, local, or common law.

**TENTH DEFENSE**

Defendant alternatively pleads that to the extent Plaintiff was employed by Defendant,

Plaintiff was an at-will employee, as that term is defined under the common law of Texas, and could be terminated at any time for any reason not specifically prohibited by law, and with or without cause.

### ELEVENTH DEFENSE

Defendant alternatively pleads, pursuant to Texas Labor Code Section 21.125, that Defendant's actions taken with respect to Plaintiff would have been the same in the absence of any allegedly impermissible factors.

### TWELFTH DEFENSE

Defendant alternatively denies that it knew, or should have known, that conduct constituting sexual harassment was occurring or that it had failed to take immediate and appropriate corrective action.

### THIRTEENTH DEFENSE

Defendant alternatively pleads that Plaintiff cannot establish a causal link between any alleged protected activity and any alleged adverse employment action.

### FOURTEENTH DEFENSE

Defendant alternatively pleads that it exercised reasonable care to prevent and promptly correct any alleged discrimination or retaliation from occurring, and Plaintiff failed to take advantage of the preventative or corrective opportunities, or otherwise failed to avoid the alleged harm.

### FIFTEENTH DEFENSE

Defendant alternatively pleads that to the extent any of Defendant's employees engaged in any of the conduct described in the Complaint, such actions were outside the course and scope of such employees' employment, were contrary to the policies and directives of Defendant, and were

not done in furtherance of Defendant's business interests.

### SIXTEENTH DEFENSE

Defendant alternatively pleads that all actions taken against Plaintiff were taken in good faith.

### SEVENTEENTH DEFENSE

Defendant alternatively pleads that Plaintiff's breach of contract claims fail to identify, with specificity, the contractual agreement or terms on which Plaintiff seeks to recover.

### EIGHTEENTH DEFENSE

Defendant alternatively pleads that Plaintiff's breach of contract claims are barred because Plaintiff has failed to meet all of the conditions precedent to recovery. Specifically, no promise was ever made, and no written or oral contracts or modifications were proposed or entered into by Plaintiff as to change the terms of her at-will relationship with Defendant, if applicable.

### NINETEENTH DEFENSE

Defendant alternatively pleads to that to the extent Plaintiff's claims rely on an alleged contract, agreement, promise, or representation, such contract, agreement, promise, or representation was without any authority granted by Defendant, and was without any authority granted by Defendant, and was made outside the scope of authority of any such agent.

### TWENTIETH DEFENSE

Defendant alternatively pleads that Plaintiff's breach of contract claims fail as a matter of law because the alleged promises underlying Plaintiff's claims were not sufficiently definite to be valid or enforceable, and/or lack a basis in a legally-protectable interest.

### TWENTY-FIRST DEFENSE

Defendant alternatively pleads that Defendant owes no contractual obligations or duties, either express or implied, to Plaintiffs, nor is Plaintiff a third-party beneficiary to any contracts or agreements entered into by Defendant.

### TWENTY-SECOND DEFENSE

Defendant alternatively pleads that Plaintiff's breach of contract claims fail as Defendant did not breach, but fully and substantially performed its promises, duties, and obligations under the subject contracts.

### TWENTY-THIRD DEFENSE

Defendant alternatively pleads that Plaintiff's claims are barred, in whole or in part, because the contracts or agreements Plaintiff seeks to enforce were not supported by adequate consideration, or because consideration failed.

### TWENTY-FOURTH DEFENSE

Defendant alternatively pleads that Plaintiff's breach of contract claims are barred because the terms of the alleged contracts are so vague and uncertain that such contracts, if any, are void and unenforceable.

### TWENTY-FIFTH DEFENSE

Defendant alternatively pleads that Plaintiff's claims are barred because the alleged contracts or agreement fail for lack of mutual assent.

### TWENTY-SIXTH DEFENSE

Defendant alternatively pleads that Plaintiff's claims are barred because to the extent any contract exists, Plaintiff breached first thereby discharging Defendant's duty to perform.

### TWENTY-SEVENTH DEFENSE

Defendant alternatively pleads that to the extent any contract exists, the parol evidence doctrine limits or prevents evidence that would support any such breach of contract claims by the Plaintiff.

### TWENTY-EIGHTH DEFENSE

Defendant alternatively pleads that Plaintiff's claims are barred or limited, in whole or in part, by the election of remedies.

### TWENTY-NINTH DEFENSE

Plaintiff's claims are barred, or her recovery should be offset, by the after-acquired evidence doctrine, if applicable.

### THIRTIETH DEFENSE

Defendant has widely disseminated anti-discrimination policies, which employees are educated on, and Defendant at all times, acted in good faith and in compliance with applicable policies with respect to Plaintiff.

### THIRTY-FIRST DEFENSE

Plaintiff's alleged losses and damages, if any, are the result of, and directly relate to, her own conduct, actions and/or failure to act, and not Defendant's conduct, actions, or failure to act.

### THIRTY-SECOND DEFENSE

Plaintiff has failed to allege facts sufficient to state a claim for punitive damages.

### THIRTY-THIRD DEFENSE

Defendant alternatively pleads that Plaintiff's claims for damages are subject to the limitations on the recovery of economic damages, if any, as contained in TEX. CIV. PRAC. & REM. CODE § 41.0105.

### THIRTY-FOURTH DEFENSE

Plaintiff's claims for economic, compensatory, and punitive damages and other relief are subject to all applicable statutory caps and limitations, including, but not limited to, the specific limitations on damages contained under the Texas Labor Code, Chapter 41 of the Texas Civil Practice and Remedies Code, and all other statutory, common law, and constitutional limitations on damages.

### THIRTY-FIFTH DEFENSE

Plaintiff cannot recover punitive damages for alleged discrimination or retaliation because any alleged discrimination or retaliation would be contrary to Defendant's good faith efforts to comply with laws governing such conduct.

### THIRTY-SIXTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands, and/or laches.

\* \* \*

Defendant reserves the right to file and serve additional defenses as appropriate.

### **PRAYER**

Defendant Baylor College of Medicine respectfully requests that Plaintiff take nothing by way of her claims in this lawsuit; that the Court enter a judgment in favor of Defendant, awarding Defendant its costs incurred in this lawsuit; and that Defendant be awarded such other and further relief to which it may be justly entitled.

Dated August 1, 2023

*Of Counsel:*

Eric L. Vinson
State Bar No. 24003115
evinson@littler.com
LITTLER MENDELSON, P.C.
100 Congress Ave., Suite 1400
Austin, TX 78701
(512) 982-7250
(512) 982-7249 (Fax)

Erin A. McNamara
State Bar No. 24109538
Federal ID No. 3266640
emcnamara@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
(713) 951-9400
(713) 951-9212 (Fax)

Respectfully submitted,

*/s/ Katherine E. Flanagan*
Katherine E. Flanagan
State Bar No. 00788945
Federal I.D. No. 17542
kflanagan@littler.com
Littler Mendelson, P.C.
1301 McKinney Street, Ste. 1900
Houston, Texas 77010
713.951.9400

**ATTORNEYS FOR DEFENDANT
BAYLOR COLLEGE OF MEDICINE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to counsel of record by electronic notification on August 1, 2023, addressed as follows:

Jacqueline A. Armstrong
Armstrong & Associates
440 Louisiana Street, Suite 900
Houston, Texas 77002
jarmstrong@armstrongatlaw.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ Katherine E. Flanagan*
Katherine E. Flanagan

4890-7641-6369.3 / 065635-1042

29