

Jacqueline Armstrong
Main (713) 960-6646
Fax   (713) 766-5020
jarmstrong@armstrongatlaw.com
www.armstrongatlaw.com

February 4, 2025

Hon. Peter Bray
United States District Magistrate Judge
Southern District of Texas

  RE: Civil Action No. 4:22-CV-2416; Jane Doe v. Baylor College of Medicine ("BCM")

Dear Magistrate Judge Bray:

  I feel compelled to reply to BCM's opposition to my request to file a motion should the parties not reach agreement on admission of a limited number of exhibits. Opposing counsel's primary complaint is that we can wait until a trial date is set.

  At this point in the litigation, I am effectively still a solo practitioner with the enormous task of handling the final preparations for a Joint Pre-Trial Order myself. While my trial team of two additional lawyers familiarize themselves with the case I have prepared, they do not have time for the nitty gritty of pre-admissions and the other motions that must be addressed pre-trial. For instance, I intend to seek the Court's permission to present several critical out-of-state witnesses remotely. I will also want to address by motion the likelihood that Doe will dysregulate upon having to testify about the sexual assaults from the witness stand. I will need permission to present that testimony by video deposition.

  With exception of four recordings that have been transcribed by certified court reporters, the only other exhibits I address for preliminary admission were authenticated and established as business record exception to hearsay objections in just two depositions. I attach the letter sent to BCM counsel, which shows how organized and simplified we have presented the request for agreement. Citations to the deposition by page are provided for each document. Agreement should be attained for most if not all the documents. Very few exhibits should be contested and require the Court's decision-making. If over 175 exhibits have to be addressed just prior to trial, this one lawyer will once again be overwhelmed by a sudden acceleration of more paper battles just prior to trial. Addressing these details early and sequentially makes sense from the standpoint of evening this playing field and allowing an orderly approach to trial.

  Jane Doe's passion for a career in scientific research has been cruelly stolen from her and her only chance to recover it, achieving justice, is by prevailing at trial. Please allow Plaintiff to continue her preparations in an orderly sequence that will avoid last minute exhaustion and increased potential for error thereby. Plaintiff requests that she be permitted to file a preliminary motion for pre admission on those documents for which there is disagreement.

        Respectfully,

        *Jacqueline Armstrong*

        Jacqueline A. Armstrong

**Armstrong & Associates / 440 Louisiana Street, Suite 900 / Houston, Texas 77002**