**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JANE DOE,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:22-CV-02416** |
| | § | |
| **BAYLOR COLLEGE OF MEDICINE,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**DEFENDANT BAYLOR COLLEGE OF MEDICINE'S RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER UNDER RULES 59(e) AND 60(b)**

Defendant Baylor College of Medicine ("BCM") responds to Plaintiff's Motion to Reconsider Under Rules 59(e) and 60(b) (Dkt. 167, or "Motion"), which seeks to alter or amend the Court's Order Accepting Magistrate Judge Bray's Findings, Conclusions, and Recommendations and granting Defendant summary judgment (Dkt. 163).

## I.
## SUMMARY OF THE ARGUMENT

Federal Rules 59 and 60 provide litigants an opportunity to correct manifest errors in a court's judgment in limited circumstances.[1] They are not appropriate vehicles for Plaintiff to relitigate matters already considered by the Court, nor to complain about immaterial alleged 17-month-old technology issues attributable to Plaintiff's counsel's own mistake or neglect. Furthermore, Plaintiff's counsel's alleged issues with the electronic filing system did not deprive

[1] Although Plaintiff's Motion asks the Court to "reconsider" its Order, neither Rule 59(e) nor Rule 60 are avenues for reconsideration or for a re-do as Plaintiff seeks. Rule 59(e) offers the extraordinary remedy of altering or amending a judgment, which courts allow in limited circumstances only. Likewise, Rule 60 provides relief from a judgment in specific circumstances, none of which are present here. Nevertheless, for consistency, Defendant will collectively refer to Plaintiff's two motions as her "Motion to Reconsider" (Dkt. 167).

the Court of consideration of Plaintiff's summary judgment evidence. To the contrary, Magistrate Judge Bray had full access to, and cited, the same evidence Plaintiff now asserts was missing. Because there is no manifest error in law or fact in the Court's decision, and no other grounds to justify the relief Plaintiff seeks, Plaintiff's Motion to Reconsider should be denied.

## II.
## STATEMENT OF RELEVANT FACTS

Plaintiff's Motion primarily challenges her own process for filing her Summary Judgment Response over seventeen months ago. Plaintiff filed this lawsuit in July of 2022. *See* Dkt. 1. On May 13, 2024, BCM moved for summary judgment on Plaintiff's claims. Dkt. 74. Plaintiff filed her Response to BCM's Summary Judgment Motion on June 14, 2024. *See generally* Dkt. 90 through Dkt. 100. Along with her Response, Plaintiff filed an Appendix that listed every exhibit by number and described the contents of each exhibit. Dkt. 90-1.

Because of inconsistencies between the service copies of Plaintiff's Response and exhibits, the docket entries, and Plaintiff's counsel subsequent attempts to identify the exhibits to Defendant's counsel, BCM moved to unseal portions of Plaintiff's Summary Judgment exhibits in order to obtain an exact duplicate of the Court's file. Dkt. 101. Each of the unsealed exhibits that BCM received from the Court included a cover page with the exhibit number. *See* **Exhibit A** hereto**,** consisting of the exhibit cover pages obtained from the Court's file. Plaintiff's Motion claims that exhibit cover pages "had not registered the edited exhibit numbers and Section Letters" and that the "Cover Pages that Identify the Exhibit by Number was missing those numbers." *See* Ex. A to Pl's Motion, Declaration of Jacqueline Armstrong at p. 3-4. Plaintiff is wrong. The cover pages contain the exhibit numbers. *See* **Exhibit A** hereto.

BCM filed a Reply to Plaintiff's Summary Judgment Response and Plaintiff filed a Sur-reply. Magistrate Judge Bray subsequently issued his Memorandum and Recommendation that

BCM's Motion for Summary Judgment be granted (M&R). Contrary to Plaintiff's claims that "Plaintiff's exhibits were not cited in the M&R," the M&R includes numerous pinpoint citations to Plaintiff's summary judgment evidence. *See, e.g.*, Dkt. 154 at 2 (citing Dkt. 90-20 at 9); at 3 (citing Dkt. 90-20 at 12-14, 19, 21); at 4 (citing Dkt. 90-20 at 20); and 14 (citing Dkt. 90-4 at 2).

In response to the M&R, Plaintiff filed Objections. Dkt. 159. Plaintiff admits that she knew of purported issues with her cover pages and with exhibit descriptions "vanishing" at the time she filed her Objections to the M&R. *See* Motion, Ex. A, Declaration of Jacqueline Armstrong at 3, and Dkt. 159 at 3. Plaintiff even re-filed some of the exhibits with her Objections. Dkt. 159 at 3, Dkts. 160-162. As a result, those exhibits were again considered by the Court when it accepted Magistrate Judge Bray's M&R, and judgment was entered for BCM on September 16, 2025. Dkt. 164. Unable to obtain the summary judgment result she desires, and apparently seeking another bite at the proverbial apple, Plaintiff now moves for relief under Rules 59 and 60, primarily asserting technological issues. As explained below, those technological issues—even if they existed—were solely attributable to Plaintiff's counsel, did not impact the Court's consideration of her summary judgment evidence or her Objections to the M&R, and do not warrant altering the judgment or any other relief under Rules 59 and 60.

## III.
## ARGUMENTS AND AUTHORITIES

### A. Plaintiff Cannot Relitigate the M&R through Her Rule 59(e) Motion.

Because a Rule 59(e) motion "calls into question the correctness of a judgment," Rule 59 relief is "an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). The Fifth Circuit recognizes three circumstances under which a court may alter or amend a judgment under Rule 59(e): (1) an intervening change in the controlling law, (2) newly discovered evidence, or (3) manifest error of law or fact. *Trevino v. City of Fort*

*Worth*, 944 F.3d 567, 570 (5th Cir. 2019). Here, Plaintiff's Motion requests to alter the Court's judgment through either an intervening change in the controlling law or to correct alleged errors of law or fact. Dkt. 167 at 2-3, 11-12.

**1. Plaintiff identified no intervening change in the controlling law to warrant altering the Court's Order.**

Plaintiff must demonstrate "an intervening change in the controlling law" to justify altering or amending a judgment under Rule 59(e). Motion at 11. Courts within the Fifth Circuit have interpreted "controlling law" to refer specifically to on-point and binding precedent which, once discovered, must be dispositive to the issues Plaintiff is now challenging. *See Martinez v. State Farm Lloyds*, Civ. No. 4:23-CV-00641, 2025 WL 359792, at *3-4 (S.D. Tex. Jan. 31, 2025) (Hanen, J.) (citing supporting authorities); *Ethridge v. Samsung SDI Co., Ltd.*, Civ. No. 3:21-cv-306, 2023 WL 1974203, at *4 (S.D. Tex. Jan. 20, 2023) (mem. op.) ("The Fifth Circuit has held that the 'intervening change of law'" must come from "a controlling authority.") (citing *Muecke Co. v. CVS Caremark Corp.*, 615 F. App'x. 837, 841 (5th Cir. 2015)). In addition, the Supreme Court has instructed that an "intervening change in controlling law" must "emerge within Rule 59(e)'s strict 28-day timeframe." *Id.* at 3 (citing *Banister v. Davis*, 590 U.S. 504, 508 n.2, 2020).

First, none of the three legal authorities identified in Plaintiff's Motion emerged within the 28-day timeframe of Rule 59(e)'s consideration and Plaintiff's Motion fails for this reason alone. The most recent authority Plaintiff cites, *Wells v. Texas Tech University*,[2] was issued more than five months before Magistrate Judge Bray issued his M&R. Similarly, the NLRB decision was issued in November 2024, and Texas Labor Code Section 21.1065 has been the law in Texas since 2015.[3] The Fifth Circuit has held that an authority issued "approximately five months before the

---

[2] *Wells v. Texas Tech Univ*., No. 24-10518, 2025 WL 673439 (5th Cir. Mar. 3, 2025).
[3] TEX. LABOR CODE ANN. § 21.1065 (West, 2015).

district court granted the motion [] … cannot constitute an intervening change in the law." *Schiller v. Physicians Res. Grp., Inc*., 342 F.3d 563, 568 n.3 (5th Cir. 2003).

Second, Rule 59(e) also is not an appropriate vehicle for Plaintiff to relitigate legal arguments she raised as part of prior proceedings, and indeed, Plaintiff made those very same arguments in her Objections to the M&R, which were considered and rejected by the Court. Dkt. 159 at 12-13, 17-18; *see Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (Rule 59(e) motions "cannot be used to raise arguments which could, and should have been made before the judgment issued.")*; Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (same). Plaintiff's request for alteration under Rule 59(e) must be denied on this basis as well.

Finally, even if these legal authorities were considered, they bear no legal or factual relationship to this case, much less constitute binding precedents on core issues. In *Wells*, for example, the Fifth Circuit affirmed a Rule 12(b)(6) dismissal of Title VII claims on multiple grounds, including that Plaintiff was not an "employee" under Title VII when she was an unpaid mentor in a university initiative for business start-ups. *Wells*, 2025 WL 673439, at *4. Because Plaintiff here does not claim to have been an unpaid mentor, the factual analysis of that role in *Wells* is inapplicable. The Fifth Circuit in *Wells* further did not analyze plaintiff's prior relationship with the university during a Ph.D. program because plaintiff had finished that program five years earlier and, therefore, the Court held that any Title VII claim based on conduct during that time was untimely. *Id.* Likewise, since the district court in *Wells* was considering a Rule 12(b)(6) motion, the district court relied on the complaint allegations when it referred to plaintiff as an employee and did not analyze any evidence on that issue. *See Wells v. Texas Tech*., No. 5:23-CV-060-H, 2024 WL 2967859, at *4 (N.D. Tex. May 7, 2024). Nothing in *Wells* is controlling or dispositive here. *Id.*; *see also Kennedy v. Jefferson Cnty Hosp*., Civ. No. 5:13-cv-226, 2016 WL

6495595, at *1 (S.D. Miss. Nov. 2, 2016) (one authority is not controlling over another when neither the issues nor the facts presented is the same). Similarly, a decision of the National Labor Relations Board interpreting a statute not at issue in this case (the NLRA) does not represent a "change in the controlling law." *See Ethridge*, 2023 WL 1974203, at *4 (noting that the "intervening change of law" must come from a "controlling authority."); *Kennedy*, 2016 WL 6495595, at *1 ("controlling law" refers specifically to binding precedents only). Furthermore, for all of the reasons BCM described in its Response to Plaintiff's Motion to Amend (Dkt. 149), Texas Labor Code Section 21.1065 also does not apply to this case. Having failed to demonstrate any intervening change in controlling law, Plaintiff's Rule 59(e) Motion must be denied.

**2. There is no manifest error in the Court's adoption of the M&R.**

Plaintiff also seeks alteration under Rule 59 based on manifest error. Motion at 2. Manifest error is one that "is plain and indisputable, and that amounts to a complete disregard of the controlling law." *United States v. Newton*, Civ. No. H-24-0121, 2024 WL 3929893, at *1 (S.D. Tex. Aug. 23, 2024) (mem. op.) (citing *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)). Plaintiff claims that the M&R disregarded "pivotal facts" regarding "Doe's employment status, tax withholdings, provision of healthcare benefits and access to paid leave."[4] Dkt. 167 at 2. However, those are the same arguments Plaintiff raised in her Objections, prior to the entry of judgment. Dkt. 159 at 15-16. As noted, because a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," Plaintiff cannot relitigate her case by simply labeling the M&R's findings on previous arguments as "manifest error" under Rule 59(e). *See Templet*, 367 F.3d at 478-79; *Reitz*

---

[4] Plaintiff repeats this assertion in her Rule 60 argument, and Defendant provides its response in its Rule 60 discussion *infra*.

*v. City of Abilene*, Civ. No. 1:16-CV-0181-BU, 2021 WL 5095378, at *2 (N.D. Tex. Oct. 1, 2021) (Rule 59(e) motions cannot be "used to relitigate matters that were not resolved to the movant's satisfaction and is not a back-up plan for curing briefing deficiencies.").

Likewise, Plaintiff's claim that the M&R did not address her sexual orientation discrimination claim, which she wants "clarif[ied] to preserve appellate rights and ensure transparency," is another re-hashing of her Objections and fails for that reason alone. *See* Dkt. 159 at 24 and Dkt. 167 at 2. In addition, nothing needs to be clarified. First, the M&R addressed **all** of Plaintiff's Texas Labor Code claims when it found that Plaintiff was not an employee and that Plaintiff's claims arise from her status as a student. Dkt. 154 at 15. Second, the M&R concluded that Plaintiff failed to timely file her charge of discrimination with respect to her sex harassment claims. *Id*. at 15-19. According to Plaintiff's Second Amended Complaint, the basis of her sex-based discrimination claim is that "Defendant intentionally discriminated against Plaintiff … because of her sex in violation of the Texas Labor Code **by subjecting her to a hostile working environment**." Dkt. 51, Pl's Second Am. Compl. ¶ 98 (emphasis added); *see also Isquith ex. rel. Isquith v. Middle S. Utils, Inc*., 847 F.2d 186, 195 (5th Cir. 1988) (permitting courts to "treat the factual allegations of the complaint as admissions or stipulations."). Accordingly, the M&R addressed Plaintiff's sex discrimination claim when it concluded that her hostile environment sex harassment claims were untimely. With respect to the remaining actions about which Plaintiff complained, the M&R concluded (among other things) that BCM proffered legitimate reasons for its actions and Plaintiff failed to provide evidence creating a fact issue whether these reasons were pretext. Dkt. 154 at 23-25. For example, the M&R noted that Plaintiff did not argue disparate treatment or provide evidence of that, and Plaintiff admitted that BCM dismissed her based on the investigation results. *Id.* The M&R therefore concluded that the evidence showed that the decision-

makers acted in good faith and Plaintiff offered no evidence otherwise. *Id.* at 24. Because Magistrate Judge Bray entertained all of Plaintiff's legal arguments in the M&R, there is no manifest error in the Court's decision to adopt the same.

### B. Plaintiff's Rule 60(b) Motion Fails Because Magistrate Judge Bray Properly Considered All of Her Evidence.

#### 1. Plaintiff's purported technological difficulty did not prevent the Court from accessing her summary judgment evidence.

Rule 60(b)(1) allows relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Carelessness, ignorance of the rules, and ignorance of the law are insufficient basis for Rule 60(b)(1) relief. Furthermore, Rule 60(b)(1) relief is inappropriate when the proffered justification is the "inadvertent mistake" of counsel. *Babin v. Bank of New York Mellon*, Civ. No. H-12-1954, 2012 WL 4845621, at *1 (S.D. Tex. Oct. 11, 2012) (citing supporting authorities). Indeed, "granting relief on the sole basis of counsel's carelessness would be an abuse of discretion." *Id*. (citing *Knapp v. Dow Corning Corp*., 941 F.2d 1336, 1338 (5th Cir. 1991)).

Plaintiff's Motion starts off with the claim that a "technical malfunction in the Court's CM/ECF system . . . prevented the exhibit metadata from registering, thereby obscuring the evidentiary record." Dkt. 167 at 1-2. Upon continued reading of Plaintiff's Motion, it becomes apparent that Plaintiff claims a "technical malfunction" caused two purported issues with her filings: (i) the absence of descriptors for her exhibits in the Court's docket entries; and (ii) Plaintiff's exhibit cover pages did not have exhibit numbers ("there is only a blank following the word "Exhibit."). *See* Dkt. 167 at 7 ("Discovering the Problem"). **Significantly, Plaintiff does not identify any problems with the actual exhibits themselves.** The exhibits and the evidence they represent are accurately reflected in the Court record and Plaintiff's evidence was fully available for the Court's consideration. Any descriptors that Plaintiff claims are missing from the docket

entries would not have been evidence anyway. *See Reyes v. Weslaco Indep. Sch. Dist.*, Civ. No. M-06-372, 2008 WL 11452112, at *4 (S.D. Tex. Dec. 11, 2008) (declining to consider statements of facts in a party's response or on a party's exhibit list as competent summary judgment evidence). So whatever "malfunction" Plaintiff claims happened, it did not impact the evidence available for the Court's consideration.

Turning to the alleged malfunction itself, as a threshold matter, Plaintiff already raised her purported technological issue as a ground for relief in her Objections to the M&R. Dkt. 159 at 3. Much like her Rule 59 motion, mere disagreement with the Court's acceptance of the M&R through the reassertion of a previously denied argument is not a basis for relief under Rule 60(b)(1). *U.S. v. Davison*, 509 F. App'x. 330, 332 (5th Cir. 2013) (citing supporting authorities). For this reason alone, Plaintiff's Rule 60 motion should be barred.

Further, neither technological "malfunction," even if considered, presents grounds for relief. First, Plaintiff claims exhibit numbers and descriptions were "missing" from the docket entries. In an effort to deflect responsibility from herself, Plaintiff blames the Court and Defendant's counsel for not alerting her to what was "missing." Motion at 5-6. This is both disingenuous and unfounded. Since neither the Court nor Defendant's counsel knew what Plaintiff's counsel intended to include in her docket entries, they likewise would have no knowledge of what purportedly was "missing" from those entries. Given that the docket entries for *Defendant*'s filings provided both the exhibit numbers and descriptors,[5] there was no reason to believe the absence of same from Plaintiff's docket entries was anything other than intentional omission or a failure by Plaintiff's counsel to follow Court Procedure 16(g). Defendant even pointed out Plaintiff's non-compliance in its Motion to unseal. Dkt. 101 at 2. It also is disingenuous

---

5 *See e.g.,* docket entries for Dkts. 75, 76.

for Plaintiff to accuse Defendant's counsel of "inaccurately" describing anything, let alone an alleged issue that resides solely in the mind of Plaintiff's counsel. This is another example of unfounded and conclusory assertions made by Plaintiff, with nothing to back them up. Moreover, it is not Defendant's responsibility to correct Plaintiff's counsel's work. *See also Rollins*, 8 F.4th at 397 (citing *Fox v. Am. Airlines, Inc*., 389 F.3d 1291, 1994 (D.C. Cir.2004) (describing counsel's argument that the electronic filing-system was to blame as "an updated version of the classic 'my dog ate my homework' line"). It is Plaintiff's responsibility to be familiar with the Southern District's Administrative Procedures for Electric Filings through the CM/ECF system. *See* Local R. 2(a). Plaintiff's failure to provide exhibit descriptors due to her counsel's own improper understanding or use of the system's "auto-fill functionality" is not a technological glitch, but her own mistake that does not warrant relief under Rule 60. *See Onwuchekwe v. Okeke*, 404 F. App'x. 911, 911-12 (5th Cir. 2010) (denying Rule 60(b)(1) motion when movant's counsel claims he never received court filings through the electronic filing systems, even though he received other communications sent via the court's system).[6]

With regard to the second purported issue caused by an alleged malfunction – i.e., exhibit numbers allegedly missing from cover pages to Plaintiff's summary judgment exhibits – Plaintiff is just wrong. The Court's copies of Plaintiff's exhibits obtained by Defendant include cover pages with the applicable exhibit numbers. *See* **Exhibit A** filed herewith. Indeed, the exhibit letters and numbers on the cover pages are exactly "what the cover page is supposed to appear as after filing," according to Armstrong's Declaration. Dkt. 167-1, page 5, citing Attachment A-1.[7]

---

[6] Plaintiff's counsel had no problem entering exhibit numbers and descriptors in the docket entries for her other sealed filings, further suggesting "issues of compatibility" between counsel's computer and the Court's filing system were not to blame here. *See* Motion, Ex. A, at 4; *but see* docket entries for Dkts. 109,118, 121-125, 130.

[7] Of the 98 cover pages, all contain exhibit numbers and only three do not also include exhibit

Although these two purported issues caused by alleged malfunction (one of which never actually happened) are irrelevant to the Court's consideration of the evidence in this case, Plaintiff leaps to the conclusion that "[a]s a result, the Magistrate Judge's Report and Recommendation appears to disregard the summary judgment evidence submitted by Plaintiff." Dkt. 167 at 9. Again, Plaintiff is just wrong. As previously described, Magistrate Judge Bray included pinpoint citations to Plaintiff's exhibits in his M&R, conclusively negating any contention that such evidence was not accessed or considered. Plaintiff takes particular issue with Magistrate Judge Bray's findings and conclusions that Plaintiff was not an employee and that her claims arise from her status as a student. Plaintiff's Motion claims there is evidence to the contrary and cites to a record from December 2016 showing that BCM took deductions for Social Security and Medicare during that year. *See* Dkt. 167 at p. 9, citing to Armstrong Declaration, Exhibit H. Magistrate Judge Bray correctly concluded, and cited evidence, that Plaintiff was a paid intern in the summer of 2016 and this internship ended before Plaintiff started her Ph.D. program. Dkt. 154 at 14-15. Indeed, Plaintiff's own Exhibit 253 shows that once Plaintiff entered the Ph.D. program in August of 2016 and until her dismissal from the program in 2020, these deductions were no longer taken from her student stipend.[8] *See* Dkt. 90-24, Pl's Ex. 253.

Plaintiff's Motion also claims the M&R made factual assertions that were contradicted by the evidence regarding Plaintiff's BCM-provided health insurance. Plaintiff claims BCM labels her health insurance as "student" insurance without providing evidence of that. Plaintiff conveniently ignores the evidence from the Declaration of Dean Smith that Plaintiff's health

---

letters.

[8] Plaintiff erroneously claimed in her Objections that her pay stubs from 2016 through 2020 showed "regular deductions for Social Security and Medicare Tax," but her own Exhibit 253 shows no federal Social Security or Medicare deductions after 2016, when she was enrolled in the Ph.D. program. *See* Dkt. 159 at 4; Dkt. 162 (attaching Exhibit 253).

insurance "was an insurance plan for which only students were eligible." Dkt. 74, Ex. 210 at ¶5. While Plaintiff's Motion claims the M&R ignored contradictory evidence, Plaintiff fails to cite such evidence. Instead, Plaintiff's Motion proclaims: "Insurance is provided for employees." Dkt. 167 at 9. Plaintiff's self-serving proclamation in a pleading is not evidence. It is this type of unsupported assertion by Plaintiff that likely caused Magistrate Judge Bray to note that Plaintiff's Response was "replete with arguments and factual assertions that lack evidentiary support." Dkt.154 at 11, n. 2.

Further, to the extent Plaintiff claims any omissions prevented the Court from properly considering her evidence, she purported to cure those purported deficiencies by re-attaching 40 exhibits to her Objections, along with another three sets of appendices describing her summary judgment evidence. *See* Dkts. 159-162. Because her summary judgment evidence – in whatever format she has chosen to present it – has now been considered *twice* by the Court, it is not error to deny Plaintiff a third bite at the proverbial apple.

Finally, Plaintiff provides no legal authority to support her request for relief based on alleged technological issues that have no bearing on the consideration of Plaintiff's case. Plaintiff's citation to *Price v. Jefferson County* dealt with the timeliness of a response motion, but nothing in the decision stands for a blanket award of relief from judgment based on asserted technological issues. 470 F.Supp.2d 665, 679 (E.D.Tex.2006). Similarly, *Whiteside v. Cimble* stands for the unremarkable proposition that "Courts routinely treat untimely Rule 59(e) motions as if they had been filed under Rule 60(b)," which is unrelated to the relief Plaintiff seeks here. *Whiteside v. Cimble Corp.*, Civ. No. 4:17-cv-404-KPJ, 2023 WL 3449993, at *4 (E.D. Tex. July 17, 2023). Plaintiff's covert attempts to overturn the Court's decision based on an insignificant and immaterial filing "glitch" occurring over seventeen months ago cannot prevail.

### 2. There is no basis for duplicate relief under Rule 60(b)(6).

Finally, Plaintiff requests relief under Rule 60(b)(6) based on the same asserted technological issue. Courts have held that the six categories of relief are "mutually exclusive" from one another, meaning that a request for relief cannot be brought under the catch-all provision of Rule 60(b)(6) if it could have been brought under Rule 60(b)(1). *U.S. v. Fernandez*, 797 F.3d 315, 319 (5th Cir. 2015) (holding that a claim for mistake, inadvertence, or excusable neglect that otherwise falls within Rule 60(b)(1) cannot be re-brought under 60(b)(6)). As part of her Rule 60(b)(6) motion, Plaintiff again claims that she was "never notified of the missing metadata or given an opportunity to cure the record." Dkt. 167 at 11. Those assertions, including the disingenuous attempts to deflect blame for Plaintiff's own counsel's actions or omissions, have already been addressed above. For this reason, Plaintiff's duplicative Rule 60(b)(6) claims must also be denied.

## IV.
## CONCLUSION

For all of the above reasons, Defendant Baylor College of Medicine respectfully requests that the Court deny Plaintiff's Motion to Alter or Amend Judgment under Rule 59(e) and deny Plaintiff's Motion for Relief under Rule 60.

Dated: October 31, 2025

Respectfully submitted,

*Of Counsel:*

*/s/ Katherine E. Flanagan*

Katherine E. Flanagan – *Attorney-in-Charge*
State Bar No. 00788945
Federal I.D. No. 17542
Littler Mendelson, P.C.
1301 McKinney Street, Suite 1900
Houston, TX 77010-3031
713.951.9400
713.951.9212 – Facsimile

Jay Zhang
State Bar No. 24110574
Federal I.D. No. 3365543
Littler Mendelson, P.C.
1301 McKinney Street, Suite 1900
Houston, TX 77010
713.951.9400
713.951.9212 - Facsimile

**ATTORNEYS FOR DEFENDANT**
**BAYLOR COLLEGE OF MEDICINE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to counsel of record via the Court's electronic filing system on October 31, 2025, addressed as follows:

Jacqueline A. Armstrong
Armstrong & Associates
440 Louisiana Street, Suite 900
Houston, Texas 77002
jarmstrong@armstrongatlaw.com

**Attorney for Plaintiff**

*/s/ Katherine E. Flanagan*
Katherine E. Flanagan

4931-9743-5510