United States District Court
Southern District of Texas
**ENTERED**
October 01, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JANE DOE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-CV-02416** |
| | § | |
| **BAYLOR COLLEGE OF MEDICINE,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

Jane Doe was a Ph.D. student at Baylor College of Medicine ("BCM") when concerns about alleged sexual misconduct involving her lab mentor led to an internal investigation. BCM concluded that Doe had made false claims and dismissed her from its graduate program. Doe sued BCM for sex discrimination and retaliation, alleging that she was an employee entitled to the protections of the Texas Commission on Human Rights Act ("TCHRA"). Magistrate Judge Peter Bray issued a Memorandum and Recommendation ("M&R") recommending summary judgment in favor of BCM. The Court adopted the M&R and entered final judgment.

Doe now seeks reconsideration under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. Her Motion, however, relies on authorities that were available before the entry of final judgment and repeats factual and legal arguments already raised in her objections to the M&R.

For the following reasons, the Court **DENIES** Doe's Motion for Reconsideration. (Dkt. No. 167).

## I. BACKGROUND

Doe sued BCM under the TCHRA, alleging that she was an employee, that BCM discriminated against her on the basis of sex, and that BCM retaliated against her for reporting sexual misconduct. (Dkt. No. 51 at 13–14). Judge Bray issued an M&R recommending that summary judgment be granted in favor of BCM. (Dkt. No. 154). The M&R concluded that Doe was not an employee, her sexual-harassment claim was untimely, and BCM had offered legitimate reasons for the challenged actions that Doe had not shown to be pretextual. (*Id.* at 12–25). Doe filed objections to the M&R under Rule 72 of the Federal Rules of Civil Procedure. (Dkt. No. 159). The Court considered those objections, (Dkt. No. 163 at 1–2), adopted the M&R, (*id.* at 2), and entered final judgment for BCM, (Dkt. No. 164). Doe then filed the present Motion for Reconsideration under Rules 59(e) and 60(b), arguing that an intervening change in controlling law and manifest errors of law or fact warrant reopening the case. (Dkt. No. 167).

## II. LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). When a party seeks reconsideration of a final judgment, the governing rule depends on the timing of the motion. The Fifth Circuit construes "a motion for reconsideration filed within 28 days of final judgment as a Federal Rule of Civil Procedure 59(e) motion to alter or amend the district court's judgment." *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019).

The Court therefore construes Doe's Motion for Reconsideration as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure because she filed it within 28 days after entry of final judgment. *See Life Partners Holdings*, 926 F.3d at 128; (*compare* Dkt. Nos. 164, 167).

Rule 59(e) allows a court to alter or amend a judgment. But because "[a] Rule 59(e) motion 'calls into question the correctness of a judgment,'" it "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

A Rule 59(e) motion may be granted "to (1) accommodate an intervening change in controlling law, (2) account for newly discovered evidence, or (3) correct a manifest error of law or fact." *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019). Those narrow grounds mark the limits of the rule. It may not be used to raise arguments or evidence that could have been presented before judgment. *Banister v. Davis*, 590 U.S. 504, 508, 140 S.Ct. 1698, 1703, 207 L.Ed.2d 58 (2020). Nor should it be used to "relitigate old matters" already resolved. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S.Ct. 2605, 2617 n.5, 171 L.Ed.2d 570 (2008) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 601 (5th Cir. 2021) (quoting *Templet*, 367 F.3d at 479).

## III. DISCUSSION

### A. DOE HAS NOT ESTABLISHED GROUNDS FOR RELIEF UNDER RULE 59(e)

Doe has not established a basis for relief under Rule 59(e). She invokes two recognized grounds—an intervening change in controlling law and the need to correct a manifest error of law or fact—but establishes neither. Her Motion instead seeks to relitigate matters already decided, reargue the significance of evidence presented before judgment, and advance arguments that could have been presented before final judgment. *See Templet*, 367 F.3d at 478–79. Rule 59(e) permits none of those things.

#### 1. Doe Fails to Identify an Intervening Change in the Law

Doe has not shown an intervening change in the controlling law. She cites three authorities: (1) *Wells v. Texas Tech University*, No. 24-10518, 2025 WL 673439 (5th Cir. Mar. 3, 2025), (2) *Rand Corporation*, No. 31-RC-308974, 2024 WL 3741320 (N.L.R.B. Aug. 9, 2024), and (3) Texas Labor Code § 21.1065. (Dkt. No. 167 at 11–12). None qualify.

An intervening change in controlling law must occur after the final judgment is issued. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 568 n.3 (5th Cir. 2003) (concluding that a decision issued "months before" the district court's ruling could not constitute an intervening change in law). And although Rule 59(e) permits consideration of an intervening change in controlling law, such developments rarely arise within the Rule's 28-day filing period. *See Banister*, 590 U.S. at 508 n.2, 140 S.Ct. at 1703 n.2 (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1, at 161–62 (3d ed. 2012)).

None of Doe's cited authorities postdates the judgment. *Wells* was decided on March 3, 2025, No. 24-10518, 2025 WL 673439, more than six months before the Court entered final judgment on September 15, 2025. (*See* Dkt. No. 164). The NLRB issued *Rand Corporation* on August 9, 2024, even earlier. No. 31-RC-308974, 2024 WL 3741320. And *Rand Corporation* is an NLRB representation decision addressing employee status under federal labor law, not controlling authority interpreting the TCHRA. Likewise, Section 21.1065 has been Texas law since 2015. *See* Tex. Lab. Code § 21.1065 (effective Sept. 1, 2015). That provision establishes sexual-harassment protections for qualifying unpaid interns; it did not arise after the Court entered judgment. None therefore constitutes an intervening change in controlling law.

Moreover, Doe had already invoked two of those authorities before judgment. Her Motion acknowledges that these authorities were "timely presented" in her objections to the M&R. (Dkt. No. 167 at 12); (*see also* Dkt. No. 159 at 1–2). Rule 59(e) does not permit a party to repackage arguments already made—or arguments that could have been made before judgment—and litigate them again.

**2. <u>Doe Fails to Identify Any Manifest Error of Fact or Law</u>**

Nor has Doe shown a manifest error of fact or law. She contends that "[t]he M&R misstated pivotal facts plainly contradicted by the record," including facts concerning her employment status, tax withholdings, healthcare benefits, and paid leave. (Dkt. No. 167 at 2). She further asserts that "[a]ll of these factors are proven by the summary judgment evidence attached to Plaintiff's Rule 72 objections to the M&R." (*Id.* at 3). But, as noted earlier, Rule 59(e) does not permit a party to "relitigate old matters." *Exxon Shipping*, 554

U.S. at 485 n.5, 128 S.Ct. at 2617 n.5. Doe acknowledges that she presented these facts and arguments before the judgment. (*See* Dkt. No. 167 at 2–3). The Court considered her objections and entered judgment. (*See* Dkt. Nos. 159, 163, 164).

Rule 59(e) does not permit a party merely to repeat arguments that the Court previously considered and rejected. The movant must identify a plain and indisputable error in the judgment, not merely disagree with the Court's evaluation of the law or evidence. *See Templet*, 367 F.3d at 478–79. The Fifth Circuit has described a "manifest error" as one that is "plain and indisputable" and amounts to a "complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas-Hernandez v. Sonolux Recs.*, 370 F.3d 183, 195 (1st Cir. 2004)).

a. <u>Doe Identifies No Manifest Error in the Court's Factual Analysis</u>

Doe's Motion, (Dkt. No. 167), repeats the arguments she raised in her Rule 72 Objections, (Dkt. No. 159). She claims that the Court "misstated pivotal facts" and overlooked "the evidentiary support for her arguments." (Dkt. No. 167 at 2–3). She attributes that asserted oversight to a "technical malfunction" that made the record difficult to navigate because the exhibits lacked metadata. (*Id.* at 1).

Whatever inconvenience the absence of metadata may have caused, Doe was able to present the evidence and arguments she believed relevant in her objections, and the Court considered those objections before entering judgment. (*See* Dkt. Nos. 159, 163). Rule 59(e) does not permit a court to alter or amend a judgment merely because a party believes the record could have been organized more conveniently.

b. Doe Identifies No Manifest Error in the Court's Legal Analysis

Next, Doe argues that "[t]he M&R also failed to address Plaintiff's sexual orientation discrimination claim, despite clear pleading and supporting evidence." (Dkt. No. 167 at 3). That argument repeats her Rule 72 objections. (*See* Dkt. No. 159 at 24).

The M&R addressed Doe's TCHRA claims and concluded that she was not an employee but a student. (Dkt. No. 154 at 12–15). That conclusion applied to her discrimination claim, including her theory of sexual-orientation discrimination. The M&R separately concluded that Doe had not timely filed a charge of discrimination as to her sexual-harassment claim. (*Id.* at 15–19). It also found that BCM offered legitimate nondiscriminatory reasons for its actions, that Doe produced no evidence creating a fact issue as to pretext or disparate treatment, and that the decisionmakers acted in good faith. (Dkt. No. 154 at 23–25). Contrary to Doe's assertion, the M&R did not overlook her discrimination or retaliation claims. (*See id*. at 12–26).

Doe's disagreement with those conclusions does not establish manifest error. Judge Bray considered Doe's arguments, reviewed the record, and resolved the issues against her. (Dkt. No. 154). This Court accepted Judge Bray's findings, conclusions, and recommendations, (Dkt. No. 163), and entered final judgment, (Dkt. No. 164). Rule 59(e) does not provide another opportunity to relitigate issues already decided.

## IV. CONCLUSION

Accordingly, the Court **DENIES** the Motion for Reconsideration. (Dkt. No. 167).

It is SO ORDERED.

Signed on September 30, 2026.

Drew B Tipton

DREW B. TIPTON
**UNITED STATES DISTRICT JUDGE**